### McCALEB v. SMITH.

### *Appeal from Washington District Court — Tuesday, May 5.*

A GENERAL EXCEPTION TO INSTRUCTIONS, SOME OF WHICH ARE COR-
RECT, RAISES NO QUESTION: EXCEPTIONS TO INSTRUCTIONS, MODE
OF.

THIS cause was here on a former appeal. 22 Iowa, 242. When remanded, it was tried to a jury, which found for the plaintiff, and assessed the damages at *one cent.* An offer by the defendant having been properly made, to confess judgment for an amount larger than the verdict, the court rendered judgment against the plaintiff for the subsequent costs.

The plaintiff appeals, and his only assignment of error is, that the court erred in its instructions to the jury.

*Patterson & Rheinart* for the appellant — *McJunkin & Henderson* for the appellee.

DILLON, Ch. J. — The bill of exceptions substituted by agreement of parties for the lost original, contains a portion of the charge of the court, and a portion of the instructions *given* to the jury at the defendant's instance, and concludes in these words: " To the giving of *all* of such instructions, plaintiff at the time excepted." The record shows that there were other instructions given. The appellant does not claim that all those given were erroneous. Some of the instructions were undoubtedly correct. Grouping the instructions given by the court, and those given on the motion of the defendant, and excepting to all of them in this general manner, some of them being good, will not enable the plaintiff to select a portion of them, and have those reviewed in this court. This point has been substantially ruled, and the proper practice stated, in many prior cases. See the following: *Daven-*

*port Gas Light Co.* v. *Davenport*, 13 Iowa, 229; *Wilhelmi* v. *Leonard*, id. 330, 533; *Cousins* v. *Westcott*, 15 id. 253, 450–2; *Brown* v. *Jefferson Co.*, 17 id. 339, 343; *Lyons* v. *Thompson*, 16 id. 62; *Peck* v. *Hendershott*, 14 id. 40; *Armstrong* v. *Pierson*, 15 id. 476; Rev. §§ 3058, 3059, 3109.

The written agreement does not state, as appellant's counsel argues, that the instructions were *properly* excepted to.

                                                        Affirmed.