UNIVERSITY OF NOTRE DAME DU LAC, St. Joseph's Co., Indiana, vs. SHANKS.

PRACTICE. *(1) When alleged defects in complaint or notice to take depositions, disregarded on appeal. (2) Objections to instructions. (3) Formal objections to depositions too late at trial. (4) Objections to interrogatories and answers.*

1. Certain alleged defects in a complaint or in a notice to take depositions, *held* not to affect any substantial right of the appellant, and therefore disregarded on appeal from a judgment.
2. An exception " to each and every part " of the judge's charge is unavailing, where parts of the charge are correct.
3. An objection to the competency of a deposition, based upon alleged de-

fects in the *notice* and in the certificate, *held* too late, when first made at the trial. Sec. 2, ch. 267 of 1864.

4. An objection "to each of the several interrogatories," etc., "as well as to the several answers to each of said interrogatories," is of no avail where any single interrogatory or answer is competent and proper.

APPEAL from the Circuit Court for *Milwaukee* County.

The complaint contains two counts. The first alleges "that the defendant is indebted to the plaintiff on an account for the work, labor and services of said plaintiff, its officers and servants, performed at the request of said defendant, between the fourth day of September, 1869, and the third day of October, 1872, in instructing the minor child of said defendant, to wit, Joseph Shanks, in various useful branches of learning, and for books, papers and other necessary things furnished by this plaintiff in and about said work at the like request, and for board, lodging, repairs and other necessaries for said child, provided by said plaintiff during said time at the like request; that said account is set forth in the annexed bill of particulars, made part of this complaint; * * that at two several times payments were made on said account by said defendant to said plaintiff, and at one time a note for a portion of the amount due on said account was made by said defendant and delivered to said plaintiff; but that, exclusive of said note, there is now due from said defendant to said plaintiff the sum of $95.47."

For a second cause of action the complaint alleges, "that on the 21st of May, 1872, defendant, in consideration of the services in this complaint before set forth, made and delivered to Rev. William Corby, as agent of this plaintiff and the president thereof, her promissory note, in writing, in words and figures following:

"'$250.          MILWAUKEE, May 21, 1872.

"One year from date I promise to pay the Rev. W. Corby, president of Notre Dame University, two hundred and fifty dollars ($250), with interest.          MARY SHANKS.'

"That at the time of the making and delivery of said note, said Corby was the president of this plaintiff, and its agent in the transaction of its business with said defendant; that said plaintiff is now the lawful owner and holder of said note; that no part of said note has been paid; and that there is now due from said defendant to said plaintiff on said note, said sum of two hundred and fifty dollars, together with interest thereon, according to the tenor thereof."

The bill of particulars annexed to the complaint is in the form of a running account from September 4, 1869, to September 10, 1872; and it contains two cash credits at different times, and also a credit of $250 under date May 23, 1872, "by note for" that amount. No further description is given of the note, in such bill of particulars. The balance appearing thereby to be due plaintiff, is $95.47.

Upon the trial, after a jury had been impaneled and sworn, and plaintiff's counsel had opened the case on that side, plaintiff offered in evidence certain depositions, taken in Indiana. Defendant objected on the ground that no cause of action was stated in the complaint, and also on various special grounds. Some of these related to the sufficiency of the *notice* of the taking of such depositions, and the *certificate* of the notary by whom they were taken and returned; another related to the omission, from the interrogatories propounded, of the proper form of *general interrogatory;* while another was in the following words: "Defendant also objects to each and every of the interrogatories propounded to said witness, Timothy Maher, and each answer of said witness thereto; on the ground that the interrogatories are each irrelevant, immaterial and incompetent; and that the answers to the respective interrogatories are also irrelevant, immaterial and incompetent." The objections were overruled.

The bill of exceptions, after stating the charge of the court to the jury, adds: "To the whole and every part of which instructions the defendant did except."

Verdict and judgment for the plaintiff; and defendant appealed.

*E. Fox Cook,* for appellant, contended, among other things, that the first count in the complaint, purporting to be for a balance of account, is bad, because it contains no averment of a *quantum meruit,* none of an agreement between the parties by which defendant was to pay at the rates charged, and no traversable allegations as to the amount due plaintiff on account independent of payments, nor of the amount of the payments in money admitted, nor of the amount of the note alleged to have been made for a part of the account, nor of the time when it was made; that a statement in the complaint that the account is " set forth in the annexed bill of particulars, made part of this complaint," is no part of the statement of facts or of the cause of action (Tay. Stats., 1442, § 22; 1 Wis., 113); and that no court could determine from the face of the complaint, how the balance was or could be ascertained.  2. That as the first count is for an alleged balance of account, the pleader was bound to state therein an *entire* account; that it was admitted therein, that, after crediting defendant with her money payments and a note given by her for a portion of the amount due on such account (which note is not further described), there was due only $95.47, by reason of plaintiff's services, etc.; and yet that there is a second count upon a note alleged to have been given for the same services, without anything in the complaint to show that this was the same note mentioned in the first count.  Material averments in a complaint must be positive.  *Rogers v. Milwaukee,* 13 Wis., 610. And each count of a complaint must, as a general rule, stand or fall by itself; one cannot be looked to for the purpose of supplying the defects of another in matters relating to the *gravamen* of the action.  *Curtis v. Moore,* 15 Wis., 134; *Sabin v. Austin,* 19 id., 421; *Catlin v. Pedrick,* 17 id., 88.

*Wm. W. Wight,* for respondent:

1. The objections to the depositions were not taken in time,

the trial having been "entered upon." 2 Tay. Stats., 1592, § 41. 2. The exception to the charge of the judge being general, the charge is not reviewable. *Nisbet v. Gill*, 38 Wis., 657. 3. The bill of particulars is made part of the complaint by that pleading itself. *Supervisors v. Decker*, 28 Wis., 669, 673. And there was no need of alleging a *quantum meruit*, since the items of account were given, and the youth was shown to have been entered at catalogue prices. 4. The second count is sufficient under Tay. Stats., 1443, § 26.

RYAN, C. J. The criticisms made by the learned counsel for the appellant upon the complaint and upon the notice to take depositions, if well founded, could not affect any substantial right of the appellant; and should therefore be disregarded upon appeal from the judgment. *Bonnell v. Gray*, 36 Wis., 574.

The exception to each and every part of the charge of the court below is unavailing to the appellant; parts of the charge not being questioned, and being manifestly correct. *Nisbet v. Gill*, 38 Wis., 657.

The objection to the competency of the depositions, made first upon the trial, came too late. Sec. 2, ch. 267 of 1864.

The objection " to each of the several interrogatories propounded to the witnesses, as the same were severally read, as well as to the several answers to each of said interrogatories," was altogether too general to found a proper exception. In such a case, if a single question put to a witness, or a single answer given by a witness, be competent and proper, the exception will go for nothing here, for reasons similar to those applying to a general exception to the charge of the court. It is the duty of parties to designate specifically the parts of the evidence, and of the charge to which they object. We could not assume the burden of examining every question and answer in depositions or bills of exceptions, often very long and tedious, simply to encourage a loose practice or to save counsel

the labor of making their objections appropriately and intelligently. Counsel are expected to take such exceptions only as they rely on, and to take them specifically. General and sweeping exceptions to any things resting in detail, will be disregarded here, when any single detail is correct. We are glad that we can establish this rule, in a case in which we should not have disturbed the judgment for any proper exception to any question or answer in the depositions.

*By the Court.* — The judgment of the court below is affirmed.