MOORE v. GILBERT.

1. **Practice in the Supreme Court:** PRESUMPTION. Where the record fails to disclose a ruling upon motions in arrest or for a new trial, they will be presumed to have been waived.

2. ——: INSTRUCTIONS. Objections to instructions as a whole will not be considered.

*Appeal from Des Moines District Court.*

THURSDAY, SEPTEMBER 20.

THE petition avers that the defendant entered upon the premises and prior actual possession of the plaintiff, and des-

troyed and injured the fence upon said premises, and the vines and shrubbery thereon growing, whereby the plaintiff was damaged in the sum of $100, for which he asks judgment.

The defendant, for answer, denies the allegations, and for counter-claim avers that the plaintiff wrongfully entered upon his premises and tore down the grass, etc. Trial by jury. Judgment for defendant for five dollars. Plaintiff appeals.

*T. J. Trulock*, for appellant.

*Thomas Hedge, Jr.*, for appellee.

ADAMS, J.—I. The plaintiff filed a motion in arrest of judgment, and also a motion for a new trial. Whether the court ever ruled upon either of said motions does not appear, except so far as may be inferred from the fact that judgment was rendered upon the verdict. But this might and should have been done, regardless of the motions, if they were not called to the attention of the court. In the absence of any evidence in the record that the motions were ruled on, the presumption would be that they were waived. It may also be added that, as the record fails to show any ruling upon the motions, it fails, of course, to show any exceptions to such rulings.

*1. PRACTICE in the supreme court: presumption.*

II. The appellant assigns as error the giving of certain instructions, and the refusal to give certain instructions asked by him. To the instructions given no exception was taken, or objection made, except to the whole in a mass, and it has been held repeatedly that this is insufficient. See *McCaleb v. Smith*, 24 Iowa, 591, and cases cited.

*2. ———: instructions.*

To the refusal to instruct as asked, no exception in any form appears to have been reserved.

AFFIRMED