PITMAN v. MOLSBERRY ET AL.

1. **Appeal : EXCEPTION TO INSTRUCTIONS.** An exception to all the instructions in a mass raises no question for the consideration of the Supreme Court on appeal.

| 49 | 339 |
|----|-----|
| 85 | 742 |
| 49 | 339 |
| 96 | 511 |
| 101 | 736 |
| 49 | 339 |
| 102 | 371 |

*Appeal from Cerro Gordo Circuit Court.*

THURSDAY, OCTOBER 24.

ACTION upon a promissory note. The defendants, by way of counter-claim, aver that they boarded the plaintiff for several years, and that she was indebted to them therefor in the sum of two thousand two hundred dollars. The plaintiff is step-mother of the wife of the defendant J. M. Molsberry. She commenced living with him in December, 1866, and lived with him most of the time for about ten years. While living with him she did some sewing and knitting for the family, but she was not required to do anything. There was some evidence tending to show that the defendant Molsberry was to have her property for supporting her, but she denies it. It cannot be said that the evidence shows an express promise to pay for her board. The defendant relies mainly upon an implied promise. There was a trial by jury, and judgment for the plaintiff for the amount of the note. Defendants appeal.

*Hartshorn & Sherwin,* for appellants.

*Goodykoontz & Wilber,* for appellee.

ADAMS, J.—The court gave twelve instructions. It is not claimed that all are erroneous, yet no exception is reserved

1. APPEAL: ex-
ception to in-
structions.
except to all the instructions in a mass.    That this is not sufficient see *McCaleb v. Smith*, 24 Iowa, 591, and cases cited.

There is no assignment of errors.    The appellant claims, in argument, that the verdict is contrary to the evidence.    The only question of doubt presented is as to whether the plaintiff was received by Molsberry into his house, and remained there under such circumstances that she was justified in believing that she was regarded as a member of his family, and not as a boarder.    The jury must have found that she was.    While the correctness of the verdict may well be doubted, we should hardly feel at liberty to set it aside, even if error had been assigned on the point.

AFFIRMED.