KIRK v. WOODBURY COUNTY.

1. **Pleading**: REPLY. No reply is required to a plea of payment as a defense.

*Appeal from Plymouth District Court.*

MONDAY, DECEMBER 13.

ACTION to recover compensation as deputy county treasurer. Trial by jury; verdict and judgment for the plaintiff. Defendant appeals.

*M. B. Davis*, for appellant.

*J. H. Swan* and *G. W. Wakefield*, for appellee.

SEEVERS, J.—I. The defendant, among other things, pleaded in the answer that before the plaintiff entered upon 1. PLEADING: the discharge of his duties as deputy treasurer reply. the board of supervisors of defendant, by resolution duly entered of record, and of which plaintiff had notice, fixed the amount it would pay for clerk hire in treasurer's office and also to the deputy treasurer, and that the amount so fixed had been fully paid the plaintiff.

To the answer no reply was filed, and it is insisted because of this the answer should have been deemed true. In this we do not concur. In substance payment only was pleaded, and as no counter-claim was alleged a reply was not required. Code, § 2665.

II. The errors assigned are that the court erred in refus-

ing instructions asked, in the instructions given, in overruling motion for a new trial, and because the verdict is not sustained by the evidence.

In an amended abstract the appellee denies the correctness of the abstract, and it is stated therein that no exceptions were taken to the instructions given or refused, and that the evidence was not preserved by a bill of exceptions or otherwise. The amended abstract, not being denied, must be taken as true.

The appellee objects that we cannot look into the errors assigned because of the state of the record before us. We regret to say the point made is well taken. It has been frequently determined that instructions given or refused cannot be reviewed in this court unless they were excepted to.

It is true such exceptions may be taken in a motion for a new trial, if done within three days after the verdict. Conceding the time for filing such motion and taking the exceptions may, by consent, be extended, the record shows the motion was not filed in time.

The verdict was rendered October 25th, 1879. It was thereupon agreed that a motion for a new trial might be filed within ten days thereafter. None was filed until Nov. 20, 1879. Conceding, therefore, exceptions to the instructions were taken in the motion for a new trial, it was done too late, and the same must, as the appellee so insists, be disregarded. Besides this, it is difficult to determine that there was error in giving or refusing instructions when the evidence is not before us.

AFFIRMED.