## EWALDT v. FARLOW.

1. **Evidence:** PAROL TO EXPLAIN OR VARY WRITING. Where plaintiff had made to defendant a bill of sale of certain goods, the testimony of plaintiff, that defendant agreed to apply the proceeds of the goods to pay plaintiff's debts, was not incompetent as contradicting, altering or explaining the bill of sale.

2. ———: BREACH OF CONTRACT: IRRELEVANT MATTER. Where plaintiff sought to recover damages for the violation of defendant's contract, under which land had been deeded to plaintiff's wife, evidence that the land had been incumbered since the conveyance was wholly immaterial to the issues.

3. **Practice in Supreme Court:** RULINGS NOT EXCEPTED TO IN TIME NOT REVIEWED. Rulings upon instructions which are not excepted to within the time prescribed by statute will not be reviewed.

4. **Motion for New Trial:** TIME OF FILING. A motion for a new trial must be filed at the same term and within three days after the verdict. Code, § 2838. And the fact that the court is not in session for a few days after the verdict, in the midst of the term, will not prolong the time for filing such motion.

*Appeal from Montgomery Circuit Court.*

THURSDAY, DECEMBER 6.

ACTION AT LAW. There was a judgment upon a verdict for plaintiff. Defendant appeals. The facts of the case appear in the opinion.

*F. M. Davis* and *F. P. Greenlee,* for appellant.

*McPherson & Murphy* and *Junkin & Deemer,* for appellee.

BECK, J.—I. The petition is in three counts. The first seeks to recover for the wrongful conversion of a stock of goods, and notes and accounts. The second count alleges that plaintiff executed a bill of sale upon certain merchandise and notes and accounts, upon an agreement that defendant

and plaintiff should hold possession of the same together, and the proceeds thereof should be applied to the payment of plaintiff's debts; that defendant should advance money to pay off said debts, the bill of sale being security to him for such advances, and that defendant took exclusive possession of the goods, and has converted them to his own use, and refuses to account therefor. The third count alleges that the agreement under which the bill of sale was made was abandoned, and another entered into orally, which bound defendant to sell the stock of goods to one Warfield at the invoice cost price, and to receive in part payment one hundred and sixty acres of land at $25 per acre, the balance in cash, the consideration of the sale to be received by plaintiff, who thereupon should reconvey or cause to be reconveyed to defendant eighty acres of land conveyed to plaintiff's wife under the first contract. It is alleged that defendant failed and refused to perform this contract, and plaintiff seeks to recover the damages he has sustained thereby.

The defendant denies the allegations of the petition, and avers that the goods were transferred to him under an absolute sale by plaintiff, which was witnessed by the bill of sale referred to in the petition. Defendant also sets up a counterclaim based upon a promissory note and an account.

II. The plaintiff testified to the contract, as set up in the second count of the petition, and that it was agreed that the parties should jointly hold the goods, which they were to sell, and apply the proceeds thereof to the payment of plaintiff's debts, etc. The defendant moved to strike out this evidence on the ground that the bill of sale must be regarded as embodying the contract of the parties, and it cannot be contradicted, altered or explained. The evidence has no such effect. It simply shows how the proceeds of the property were to be applied. It was surely competent for the parties to contract in regard to conditions upon which defendant should hold the goods. He acquired an absolute title by the bill of sale. But he could

1. EVIDENCE: parol to explain or vary writing.

bind himself to use the goods, or appropriate the proceeds, for the benefit of plaintiff. The evidence was not incompetent.

III. The defendant proposed to prove that the land deeded by defendant to plaintiff's wife had been attached in .actions against plaintiff. The evidence was rightly excluded. Plaintiff seeks to recover damages resulting from the violation of defendant's contract. The present condition of the title to the land cuts no figure in the case. If it be incumbered by attachments, that fact would not relieve defendant of liability.

2. ——: breach of contract: irrelevant matter.

IV. The defendant complains of the ruling of the circuit court in giving and refusing instructions. But the abstract fails to show that exceptions were taken at the proper time. The abstract shows that defendant excepted to the refusal to give the instructions asked by defendant, but fails to show that the exception was taken when the ruling was made. Defendant relies upon exceptions to instructions given, included in his motion for a new trial. But, as we shall soon see, this motion was not made within the time prescribed by Code, § 2838. We cannot, therefore, review the rulings upon instructions.

3. PRACTICE in supreme court: rulings not excepted to in time not reviewed.

V. The motion for a new trial was not made within the time prescribed by Code, § 2838. The verdict was rendered on Saturday, the 24th day of June. On that day the court adjourned until the fifth day of July. On Tuesday, the 27th, a general election was held. The section of the Code just cited provides that a motion for new trial shall be made at the "term, and within three days after the verdict."

4. MOTION for new trial: time of filing.

If the court, after the adjournment and before the fifth of July, was in term, the motion was not in time, for more than three days intervened, excluding the Sunday and election day, which defendant thinks ought not to be counted—a question we do not determine. If the court was not in term during the recess, then the motion was too late, for it must be made at the term of the decision.

Defendant's counsel insist that the law does not require the motion to be made on a day of the term when the court is not in session. The section cited will bear no such construction. It requires the motion to be made "at the term and within three days of the verdict." It often becomes necessary for a court, during a term, to adjourn for one or more days, in order to enable counsel to prepare their cases. It would not do to hold that during such adjournment counsel were not required to prepare motions for new trials. The object of the statute cited is to expedite such business, so that the motions may be decided before the end of the term. An adjournment for a day or more, if counsel's view be correct, would delay proceedings.

The motion for a new trial, not having been made in time, was correctly overruled. We can consider no questions raised in it.

Plaintiff files an amended abstract, which is denied by defendant, thus putting in issue the correctness of the original abstract. We find it unnecessary to determine the issues thus raised, as, upon the abstract filed by defendant, the judgment of the circuit court cannot be disturbed.

AFFIRMED.