(February 7, 1887.)

## BLACK v. CITY OF LEWISTON.

[13 Pac. 80.]

NONSUIT.—Where there is evidence to support the case a nonsuit will not be granted.

NEGLIGENCE—DEFECTIVE STREET.—Where an injury occurs to the plaintiff on the Sabbath day, through the negligence of the defendant in not keeping its streets in proper condition, *held*, that the plaintiff was not required to show that he was engaging in a work of necessity at the time of the accident in order to entitle him to recover, and a motion for nonsuit on that ground was properly overruled.

EXCEPTIONS.—Where the court gives a general charge to the jury, and the charge contains various propositions of law and a general exception only is taken, *held*, that the exception is not sufficient.

APPEAL from District Court, Nez Perces County.

Brumback & Lamb, for Appellant.

A dedication of a street must be by the owner of the land or of an interest therein. (2 Dillon on Municipal Corporations, secs. 635-637; *Irwin v. Dixion,* 9 How. 10; *Lee v. Lake,* 14 Mich. 12, 90 Am. Dec. 220; *Leland v. Portland,* 2 Or. 46; *Baugan v. Mann,* 59 Ill. 492; *Dovaston v. Payne,* 2 Smith Lead. Cas. 95; *Detroit v. Railroad Co.,* 23 Mich. 173; *United States v. Chicago,* 7 How. 185.) There must be an intent upon the part of the owner to dedicate, and this intent should clearly and satisfactorily appear. (*Irwin v. Dixion,* 9 How. 10; *San Francisco v. Canavan,* 42 Cal. 541; *Fisk v. Havana,* 88 Ill. 208; *Grube v. Nichols,* 36 Ill. 92; *Rees v. Chicago,* 38 Ill. 322; 2 Dillon on Municipal Corporations, 636, note 4, and cases there cited.) To constitute an implied acceptance, repairs must be made and ordered, or knowingly paid for by the authority which has legal power to adopt the street. (*State v. Bradbury,* 40 Me. 154; *City of Oswego v. Oswego Canal Co.,* 6 N. Y. 257; *Bridge Co. v. Bachman,* 66 N. Y. 261; *Town of Dayton v. Town of Rutland,* 84 Ill. 279, 25 Am. Rep. 457; *People v. Jones,* 6 Mich. 176; *Guthrie v. New Haven,* 31 Conn. 308; *Des Moines v. Hall,* 24 Iowa, 234; *Requa v. Rochester,* 45 N. Y. 129, 6 Am. Rep. 52; *Wisby v. Bonte,* 19 Ohio St. 238.) The jury are the exclusive judges of the facts, and it is erroneous for the court to assume, in its instructions to the jury, that a certain fact exists, and then submit to them the question whether or not it does exist. (*Caldwell v. Center,* 30 Cal. 539, 89 Am. Dec. 131; *Wood v. Tomlinson,* 53 Cal. 720; *Bradley v. Lee,* 38 Cal. 362; *Crawford v. Roberts,* 50 Cal. 235; *McNeil v. Barney,* 51 Cal. 603; *Stone v. Mining Co.,* 52 Cal. 315.)

Silas W. Moody, for Respondent.

If the right to injure is claimed as a punishment for traveling on the Sabbath, this right does not belong to the city of Lewiston. "Vengeance is mine; I will repay, saith the Lord." (Bible, tit. "Romans," c. 12.) If the right to punish respondent is claimed by appellant for his earning his subsistence by assisting to harvest a wheat crop on the Sabbath, we cite: "It is lawful to do well on the Sabbath day." (Bible, tit. "St. Matthew," c. 12.) Appellant having excepted to the whole

instruction, and having failed to specify what portion thereof is excepted to before the jury retired, is estopped from assigning error here.  (Thompson on Charging the Jury, pars. 115, 116; Hayne on New Trial and Appeal, sec. 129; Code Civ. Proc., sec. 402; *Brown v. Kentfield*, 50 Cal. 130; *Robinson v. Railroad Co.*, 48 Cal. 425; *Hicks v. Coleman*, 25 Cal. 122, 85 Am. Dec. 103, and note.)

HAYS, C. J.—The charter of the city of Lewiston gives to that corporation, among its powers, the right to control all streets, highways, squares, and other public grounds within its limits; and provides that it shall be liable to anyone for any injury to any person growing out of any casualty or accident happening to any such person on account of the condition of any street or public ground therein.  The plaintiff claims to have been greatly injured by falling into a hole which the city had negligently suffered to remain in one of its public streets; that it occurred in the night-time, while he was lawfully traveling along the public highway, and he was free from fault or negligence.  All of which is denied by the defendant.  The case coming on for trial, a jury was duly called; and, when plaintiff rested, the defendant moved for nonsuit on the grounds hereinafter stated, which motion was denied, and the defendant now assigns such ruling as error.

After submission of all the testimony and arguments of counsel, in the court below, the learned judge who there presided charged the jury at considerable length, evidently intending to give them all the law that was necessary for their information in the consideration of the case.  To which said instructions, and the whole thereof, counsel for defendant excepted. There was no specific exception to any particular portion of the charge, nor did counsel seek to point out or inform the court wherein he claimed the instructions to be wrong, but contented himself with a general exception to the whole instruction. It is not claimed or contended but that many of the propositions of law given by the court were correct.  While the instructions, as a whole, very fairly present the law of the case, some specific parts of an instruction perhaps might be open to criticism, and these specific portions appellants here assign as error, and ask

a reversal on that ground.   We think the exceptions taken entirely too general to be available to the defendant on appeal. The rule seems to be well settled in the federal and most of the state courts, and we now adopt it as the rule of this court, that the supreme court will not review the charge of the district judge unless his attention has been called by exceptions specially to those particular portions complained of.   The necessity for such a rule is apparent.   In the hurry of jury trials in the district courts, it must often happen that the judge prepares his charge hastily, and without an opportunity for that investigation and deliberation which is desirable; and it would be unjust to him, and a wrong to suitors, if an error inadvertently committed, and which the judge would have perceived and corrected had his attention been called to it, should be allowed to work a reversal of the judgment.   If the party thinks the charge wrong in any particular, let him call the judge's attention to it at the time, and give an opportunity for correction, thus saving the necessity for an appeal.

Justice Harlan, in delivering the opinion of the supreme court of the United States in *Connecticut Mut. Life Ins. Co. v. Union Trust Co.*, 112 U. S. 250, 5 Sup. Ct. Rep. 119, said, in speaking on this subject: "The attention of the court should be called to the particular point by something more definite than the general exception taken."   Substantially the same was held in *Beckwith v. Bean*, 98 U. S. 284, *Beaver v. Taylor*, 93 U. S. 46, and in many other cases.   Again, the same court holds that a general exception to a charge, which did not direct the attention of the court to the particular portion of it to which the objection is made, raises no question for review in the appellate court.   (*Burton v. Ferry Co.*, 114 U. S. 474, 5 Sup. Ct. Rep. 960.)

In Iowa it has been held that an exception to all the instructions in a mass raises no question for the consideration of the supreme court.   (*Pitman v. Molsberry,* 49 Iowa, 339; *McCaleb v. Smith,* 24 Iowa, 591.)

In *Nisbet v. Gill*, 38 Wis. 657, the defendants excepted "to each and every part of the judge's charge to the jury"; and the court said: "Under repeated decisions of this court, if the charge is correct in any material particular, such an exception

is entirely insufficient to authorize us on an appeal to review the charge." The same court says: "General and sweeping exceptions to anything resting in detail will be disregarded here, when any single detail is correct." (*University v. Shanks,* 40 Wis. 352.) Such is the settled rule in that state, and the same has been adopted substantially in California.

In *Hicks v. Coleman,* 25 Cal. 122, 85 Am. Dec. 103, and note, that court says: "We take this occasion to remark that exceptions to a charge ought to point out the specific portions excepted to, and to be made at the time of the trial, in order that the judge may have an opportunity, before the jury retires, to correct any error he may have inadvertently fallen into in drawing up the charge in the hurry and perplexities of the trial." This was approved later. (*Robinson v. Railroad Co.,* 48 Cal. 409.)

In New York it is held that a general exception to a charge containing distinct propositions is unavailing, unless the party excepting can show that each proposition is erroneous, to his prejudice. (*Haggart v. Morgan,* 5 N. Y. 422, 55 Am. Dec. 350, and note; *Stone v. Transportation Co.,* 38 N. Y. 240.) An exception to the whole, and to each and every part of a charge, is equally unavailing, if any part of the charge is correct. (*Jones v. Osgood,* 6 N. Y. 233; *Caldwell v. Murphy,* 11 N. Y. 416.)

In Kansas, where the court gave a general charge to the jury, and the charge contained various propositions of law, and a general exception only was taken to the charge, it was held that the exception was not sufficient. (*Fullenwider v. Ewing,* 25 Kan. 69, and cases there cited; *Bailey v. Dodge,* 28 Kan. 72.)

Many other states have adopted this rule, but we think the wisdom of it so evident that it is unnecessary to cite authorities further in its support.

When the plaintiff rested, a nonsuit was asked by defendant on the following grounds: 1. That the plaintiff has not proved that said road mentioned in the complaint as the "Camas Prairie Road" is within the limits of the city of Lewiston, or that the same had ever been adopted by the common council of said city, by any ordinance thereof, as a public street, highway,

or thoroughfare, or that the same has been ordered opened up by any ordinance of said council, or that it has ever been dedicated as a public ground; 2. That the proof shows that plaintiff was guilty of contributory negligence sufficient in law to prevent him from recovering; 3. The proof shows that said accident, if any occurred, took place on Sunday, and there is no proof that plaintiff was engaged in a work of necessity.

As to the first ground, there was ample proof to go to the jury on that point.

As to the second ground, if the undisputed facts showed contributory negligence, it would then have been the duty of the court to grant the motion; but, if there was a question of fact in dispute or doubt, it was for the jury to find from the evidence, and the court very properly denied the motion.

The third ground for nonsuit cannot be entertained. The fact that the accident happened to the plaintiff on the Sabbath day will not prevent him from recovering, since that was not contributory negligence.

And the plaintiff should not be nonsuited unless it appears that the evidence in his behalf, upon the most favorable construction that the jury would be at liberty to give it, would not warrant a verdict for him. It has become the settled law of this court that it will not disturb a judgment, or order denying a new trial, as being against the evidence, where there is a substantial conflict in the testimony, and no rule of law appears to have been violated. (*Mootry v. Hawley*, 1 Idaho, 543; *Ainslie v. Printing Co.*, 1 Idaho, 641.)

While the application for a new trial on the ground of newly discovered evidence is addressed to the sound discretion of the court, the authorities seem to agree that such application should be looked upon with suspicion and disfavor because of the temptation to make a favorable showing after having sustained defeat, and certainly we find nothing in this application to have warranted the granting of a new trial.

The evidence seems to have fully warranted the verdict, and the amount seems reasonable, in view of the dreadful accident to the plaintiff occurring through the defendant's fault.

Finding no error, the judgment is affirmed.

Buck and Broderick, JJ., concurring.