Bush v. Nichols.

*2. Statute of limitations: agreement to support for life.*

*3. Practice: wrong forum; result.*

These considerations dispose of all questions in the case. The judgment of the district court is

REVERSED.

BUSH v. NICHOLS.

**Instructions:** EXCEPTIONS TO: TIME. In order to secure a review of instructions on appeal they must be excepted to either at the time when given, or within three days after the verdict. The time for excepting is not extended by an agreement and order allowing time for filing a motion for a new trial. (See cases cited in opinion).

*Appeal from Hancock District Court.*—HON. J. B. CLELAND, Judge.

Bush v. Nichols.

FILED, FEBRUARY 6, 1889.

ACTION for the recovery of damages for an alleged assault and battery. Verdict and judgment for the defendant. Plaintiff appeals.

*Bush & Wichman,* for appellant.

*A. C. Ripley,* for appellee.

REED, C. J.—The only questions argued by counsel for appellant are as to the correctness of certain instructions given by the district court to the jury. No exceptions were taken to the instructions at the time they were given. By agreement of the parties, however, time was extended to plaintiff until the next term after that at which the cause was tried to file a motion for a new trial. On the first day of the next term, which was three months after the trial, he filed his motion for a new trial, in which he for the first time alleged exceptions to the instructions. It is provided by statute (Code, sec. 2789) that "either party may take and file exceptions to the charge or instructions given, or the refusal to give any instructions offered, within three days after the verdict, and may include the same in a motion for a new trial." It is clear that under the provision to preserve an objection to instructions given, the exception must be taken and filed within three days after the verdict. The agreement and order extending the time for filing the motion for a new trial did not have the effect to extend the time for filing the exceptions, for while it is allowable to include such exceptions in the motion, they may be otherwise preserved. The point has frequently been passed upon by this court. See *Harrison v. Charlton,* 42 Iowa, 573; *Bailey v. Anderson,* 61 Iowa, 749; *Clark v. Reiniger,* 66 Iowa, 507. And it is well settled that unless exceptions are duly taken to instructions they will not be reviewed by this court. We cannot therefore consider the question argued by counsel. The judgment must be

AFFIRMED.