Reeves Bros., Appellants, v. L. Harrington *et al.*, Appellees.

**Evidence:** MOTION TO STRIKE: GARNISHMENT: PARTIES.

*Appeal from Woodbury District Court.*—C. H. Lewis, Judge.

Wednesday, May 25, 1892.

Action on account aided by attachment. The issue was upon the answers of garnishees. There was a judgment discharging the garnishees, and the plaintiff appeals.—*Affirmed.*

*Roberts & Roberts*, for appellant.

*Spalding & Taylor* and *Wigton & Lohr*, for appellees.

Granger, J.—I. The garnishees are Nellie Harrington and First National Bank. L. Harrington is the defendant, as to whom there is no issue or judgment. The garnishees answered before a commissioner appointed by the court, denying a liability as such, and upon those answers issue was taken and tried to a jury that returned special findings on which was based the judgment discharging them.

II. The plaintiff called as witnesses garnishee Harrington and one Stone on behalf of the bank. Their examination was in part as to assignments to them of contracts for grading by Walsh & Harrington, the Harrington of the firm being the defendant in this suit. The assignments appear to have been in writing, and the testimony as to them was

oral. The plaintiff moved to strike the evidence in respect to the assignment because by parol, and the assignment was in writing and not produced. The difficulty is that the evidence was that offered by the plaintiff, and without any effort to obtain the writing. The court based its ruling on that ground, and with no other showing than appears of record the ruling was correct.

III. At the close of the evidence the plaintiff moved "for judgment on the answers of the garnishees, and moved, also, that Mrs. Nellie Harrington be made co-defendant of L. Harrington." The motion was overruled. It is urged that the motion to make Mrs. Harrington a co-defendant should have been sustained. We think not. Nothing was being tried except the issue upon the answers of the garnishees. There was no issue or trial as to the defendant. If the plaintiff desired to make Mrs. Harrington a party defendant to show her liability as such, the law affords the opportunity. It was not the province of the court to make her such in the garnishment proceeding.

IV. Complaint is made of the instructions of the court as given and refused. The appellees urge that the condition of the record precludes us from considering the points urged. The following is a part of a stipulation filed and bearing upon the question: "*Second.* The record nowhere contains any more, other, or different objections or exceptions to the instructions of the court or any of them, or the form thereof, except in the bill of exceptions, as signed by the trial judge, there is contained on the page prior to the instructions these words: 'The court then, on its own motion, and against the objection of the plaintiff, gave the following instructions to the jury, which were duly excepted to.' This statement is not intended to contradict nor deny the objections raised by and in the motion itself for a new trial." This stipulation we understand to embrace all instructions in the case given and refused, for the words "or any of them" are useless with any other construction. In *Pitman v. Molsberry*, 49 Iowa, 339, it is held that exceptions to instructions in a mass are insufficient to present questions for consideration here. The complaint as to a general verdict being prevented is based on the instructions, and with the condition of the record cannot be considered.

No error appearing, the judgment is AFFIRMED.