S. W. HALLENBECK & SON, Appellants, v. E. &. W. GARST.

96  509
97   87
101  736
96  509
106  164

**Parol Variance:** PRACTICE. Plaintiff took an order of defendant 1 which contained the words "freight paid through." Plaintiff did not rely on this writing, but alleged and introduced evidence to show that defendant was to advance the freight on goods shipped and deduct the amount paid from the purchase price. *Held*, defendant may introduce oral evidence to show that plaintiff was to advance the freight.

**New Trial:** PRACTICE. The affidavit of a juror that his ballot was 4 contrary to the verdict as rendered, is inadmissible to impeach the verdict, especially where the jurors were asked in court if it was their verdict, and he with the others answered in the affirmative.

SAME: EXCEPTIONS. Exceptions to instructions cannot be taken in a 3 motion for new trial filed more than three days after verdict, although the time for filing the motion for new trial is extended by consent.

**Practice in Supreme Court.** An exception to all of the instructions is 2 insufficient where some of them are correct.

*Appeal from Carroll District Court.*—HON. GEORGE W. PAINE, Judge.

SATURDAY, DECEMBER 14, 1895.

Action on accounts for goods sold and delivered. Judgment for the defendants, and the plaintiffs appeal.—*Affirmed.*

*George W. Bowen* and *F. M. Davenport* for appellants.

*H. W. Macomber* and *Cummins & Wright* for appellees.

Granger, J.—On the eighth day of May, 1893, the defendant firm, residing at Coon Rapids, Iowa, gave to the plaintiff, doing business at Gloversville, in the state of New York, an order for gloves and mittens to the amount of five hundred and five dollars. The goods were shipped, and reached Coon Rapids about August 1, 1893. The defendant, after notice, declined to receive them, and they were afterwards burned in the depot, and this action is for the purchase price. The answer denies the giving of a written order as averred in the petition, but admits the giving of an order, and says that it was agreed that the freight on the goods should be prepaid from Gloversville to Coon Rapids, Iowa, and denies that the goods were shipped according to the terms of the order. In a reply the plaintiff denies the averments as to the prepayment of the freight, and says that it was agreed when the order was given that the freight was to be first paid by defendant, and the amount thereof deducted from the purchase price of the goods. The issues presented were tried to a jury.

I. It is first insisted that the court erred in permitting one of the defendant firm to testify as to the agreement how the freight was to be paid, because the order was in writing, and such testimony was incompetent. The order was taken by a traveling salesman in what is known as a "manifold order book." The order was in triplicate, one part being sent to the plaintiff, one given to the defendant, and one kept by the salesman. They were not signed. In the order are the words: "Freight paid through, and

goods to be graded to correspond to the prices."
There is a contention as to the words "Freight paid
through," and it is because of these words that appel-
lant says that the contract, as to freight, was in writ-
ing. A difficulty with appellant's position is this: It
did not rely on the writing, either in the formation of
the issues, or in the presentation of its evidence. As
we have set out in the statement, the reply set forth
an agreement as to how the freight was to be paid,
and it is in a way not indicated by the order, without
oral explanation. And, more, the plaintiff, in its
original presentation of evidence, sustained the aver-
ments of the reply by testimony. This would clearly
open the way for defendant to use the same kind of
testimony. The evidence was in the direct line of the
issues.

II. There are complaints as to the instructions.
It is insisted that these assignments cannot be consid-
ered because exceptions have not been properly pre-
served. In the abstract, at the close of the instruc-
tions, are the words, "To all of which the plaint-
iff then and there excepted." There is no claim
that all of the instructions are erroneous, and,
where they are not, such an exception has been held
insufficient, repeatedly. *Reeves v. Harrington,* 85
Iowa, 741 (52 N. W. Rep. 517); *Pitman v. Molsberry,*
49 Iowa, 339; *McCaleb v. Smith,* 24 Iowa, 591, and
cases there cited. It is, however, said that exceptions
were taken in the motion for a new trial. It is true
that exceptions to instructions may be so taken, but
it must be done within three days after ver-
dict. Code, section 2789. In this case the
record is an affirmative showing that it was not
so filed. The cause was tried to a jury November 16,
1894. The motion for a new trial was filed December
12, 1894. It is said that the record shows that the
motion was "properly filed." We have stated what

the record shows. In *Bush v. Nichols*, 77 Iowa, 171 (41 N. W. Rep. 608), it is held that such exceptions must be filed within the three days, and the fact that the time for filing a motion for a new trial is extended by consent does not extend the time for filing the bill of exceptions. Some importance is attached in argument to the fact that it does not appear but that the time for filing the motion had, by consent, been extended. See *Kirk v. Woodbury Co.*, 55 Iowa, 190 (7 N. W. Rep. 498); *Ewaldt v. Farlow*, 62 Iowa, 212 (17 N. W. Rep. 487). The instructions are not before us for consideration.

III. A new trial is asked on the ground of the misconduct of the jury. An affidavit is in the record, made by one of the jurors, showing that when the jury retired for deliberation it at once selected a foreman, and without deliberation, reading the instructions, or referring to the instructions or evidence, it proceeded to ballot, and that he wrote on his ballot, "Plaintiff," and put it in the hat; that upon reading the ballots his ballot was read for defendant, with all the others, and "the jury then and there declared their verdict for the defendant." It appears that the jurors were asked, in court, if it was their verdict, and he, with the others, answered in the affirmative. It also appears that he was of the opinion that the plaintiff should recover; that he cast his ballot as he did for the purpose of "getting the jury to consider the evidence and instructions." It also appears that the jury was out only about five minutes. This is an attempt to show that the juror did not assent to the verdict. That a verdict cannot be impeached in that manner, see *Garretty v. Brazell*, 34 Iowa, 100; *Wright v. Telegraph Co.*, 20 Iowa, 195; *Brown v. Cole*, 45 Iowa, 601; *Ward v. Thompson*, 48 Iowa, 588. The matters of which complaint is made inhere in the verdict. The evidence had been presented in the presence of the jury,

and the instructions had been read to them. There was no misconduct, except it be on the part of the juror who made the affidavit. If he did not agree to the verdict, as an honest man, he should have refused his assent both in the jury room and in court. He agreed to the verdict, and the result is conclusive. The judgment is *affirmed.*