S. M. Leach, Cashier, Appellant, v. J. C. Hill, Appellant, C. E. Sisson, M. D. Hill, The Corn Exchange Bank of Eastman, Iowa, and Thomas Earley.

Evidence: In an action to recover on a check alleged to have been issued by defendant's agent, for stock purchased for defendant, under an agreement between defendant and the agent, that defendant should pay the checks, evidence that the agent requested third persons, from whom he had also purchased stock, not to disclose to his principal the price paid therefor, is inadmissible against plaintiff, such requests not having been made in his presence.

Pleadings. Pleadings, which have been superseded by amended pleadings, are not in evidence unless introduced in the same way as other evidence.

Practice: waiver. An error in allowing counsel to read and comment on admissions contained in superseded pleadings, not put in evidence, is not waived by opposing counsel merely because he attempts to explain the admissions read against him.

Same. The giving of time within which to file a motion for a new trial, and in arrest of judgment, does not extend the time for filing exceptions to instructions.

Practice Supreme Court: exceptions. A general objection to the instructions of the court, does not bring up for review any specific instruction, therefore, if any part of them is good the objection will not be considered.

Vol. 97 Ia—6

*Appeal from Dallas District Court.*—HON. J. H.
APPLEGATE, Judge.

WEDNESDAY, JANUARY 29, 1896.

ACTION at law to recover from defendants the
amount of a certain check issued by defendant Sisson,
upon the Exchange Bank of Earlham, to one J. C.
Hill, and by Hill indorsed and assigned to the plaintiff.
Trial to a jury, verdict and judgment for defendants
except J. C. Hill, and plaintiff and defendant J. C.
Hill appeal.—*Reversed.*

*White & Clarke* for appellants.

*D. W. Woodin* and *Cummins & Wright* for appellees.

DEEMER, J.—The pleadings in this case are volu-
minous, and are somewhat involved. They cover about
sixteen closely printed pages of the abstract, and are
too lengthy to be set out in full. The action, as has
been stated, is to recover the amount of a certain
check issued by defendant Sisson, upon the Exchange
Bank of Earlham, to one J. C. Hill, and by Hill indorsed
to the plaintiff. The defendant M. D. Hill, is made a
party defendant, because it is alleged that he and
others constitute the Exchange Bank, he being the
cashier. It is alleged in the petition, in substance,
that in the year 1892, defendant Earley, was engaged
in buying live stock in Dallas county, through the
agency of defendant Sisson, under an arrangement by
the terms of which Sisson was to buy the stock for
and on account of Earley, and the stock, after its pur-
chase, was to be delivered to Earley, and shipped,
either in his name or in the name of M. D. Hill; that
the stock was to be paid for by checks drawn by Sis-
son upon the bank, which Earley promised to provide

for and pay. That the checks were to be drawn in the name of Sisson simply as a convenience to Earley, but that they in fact were his checks, and that Sisson was to have no interest therein, except as agent for Earley. That by the terms of the arrangment between them, it was agreed that Earley should carry on this business in the name of C. E. Sisson, and that in this name all purchases should be made and all checks drawn,— this being done for convenience, so that Earley could distinguish the business done by Sisson from his other purchases of stock, and to conceal from the persons with whom the business was done that it was in fact the business of Earley. That the check in suit was issued to J. C. Hill, by Sisson, pursuant to these arrangements, for stock purchased by Sisson from him, and was by Hill indorsed and transferred to plaintiff. That the stock for which it was issued was delivered to Earley, shipped to the markets, and the proceeds received by him, according to the arrangement between the parties. The plaintiff further states, as a cause of action against M. D. Hill and the Exchange Bank, that he had general knowledge of the arrangements between Earley and Sisson, and of the fact that checks issued by Sisson pursuant thereto were and had been continually paid by him and the bank, and, prior to the nineteenth day of November, had himself paid checks drawn by Sisson, pursuant to the arrangement aforesaid, but prior to each payment had inquired of Hill as to whether the checks would be paid, as he knew that Sisson was individually irresponsible; that on the nineteenth day of November, 1892, on presentation of a number of checks to him, which had been executed pursuant to the arrangement between Sisson and Early, as aforesaid, he made inquiry through and over the telephone of M. D. Hill as to whether these checks would be paid, and received in answer thereto, through the agent of the telephone

company, the following, in writing: "It will be all O. K. to cash checks from C. E. Sisson to the amount of stock that he gets. Sat., Nov. 19, 1892. Hill." That on receipt of this message, and relying thereon, plaintiff paid all checks issued by Sisson pursuant to the arrangement aforesaid, without further or additional inquiry, in reliance upon statements from Sisson that they were issued for stock, and in reliance upon the previous course of business between the parties and the written authority given by the defendant, M. D. Hill. That all checks so issued and cashed by plaintiff were paid, up to the date of the one now in suit. The plaintiff further averred that the message sent him by the telephone company was in response to an inquiry from him as to whether all checks thereafter issued by Sisson would be paid by Hill, and that he at the same time informed Hill that he desired the information to avoid calling him up thereafter when each check should be presented. The answer of defendant, Earley, is practically a general denial. M. D. Hill, in effect, denies each and every allegation of the petition, except that he admits sending the telephonic message as stated, but says it was in response to a question regarding certain checks named in the inquiry,—the one in suit not being included,—and that the message had no reference to any others which had been or might be issued by Sisson. Defendant J. C. Hill admitted the allegations of the petition, and further pleaded that his liability on the check was and is secondary; and he asked the court to so find. He further filed a cross petition against his co-defendants, in which he, in effect, adopted the allegations of plaintiff's petition, and further pleaded that he had knowledge of the manner in which these parties had been doing their business and paying the checks of Sisson, and that he fully believed that the check which was given him would be paid by M. D. Hill or the

Exchange Bank; that the check upon which suit is brought was given for stock purchased of him, and that defendant, Earley, received the stock so purchased, and received for the same an amount greater than the amount of the check. And this defendant asked that, in the event plaintiff did not recover, he have judgment against his co-defendants for the value of the stock sold and delivered by him. On these issues the case was submitted to a jury, which returned a verdict for the plaintiff, against the defendant, J. C. Hill, for the amount of the check, and for the defendants, Thomas Earley and M. D. Hill; and plaintiff and defendant, J. C. Hill, appeal.

I. The defendants were permitted to prove by witnesses Garoutte and Longmire, over objections interposed by the plaintiff, that they had sold stock to Sisson in January, 1893, for which he gave his checks on the Exchange Bank, and that Sisson asked each of them to conceal from Earley the prices and weight of the stock so purchased, as he wanted to make a deal with Earley, and did not want him to know anything about the weights or prices paid. The objection lodged against this testimony, was, that it was incompetent, irrelevant, and immaterial, being declarations made by a third person not in the presence of plaintiff. The objections were clearly good, and should have been sustained. No foundation had been laid for the introduction of such testimony for impeaching purposes, and for this only was it admissible. Such declarations were not binding upon the plaintiff, and could have no other effect than to prejudice and poison the case in the minds of the jury.

II. The original petition in this case was filed on the twenty-eighth of February, 1893. This was superseded by an amended and substituted petition filed on the sixteenth day of January, 1894, the substance

of which, with amendments, we have heretofore given. In the argument of the case to the jury, one of appellees' counsel was permitted by the court to read the original petition to the jury, and comment upon the same in his discourse. This course of procedure was objected to by appellant's counsel, on the ground that the original had been withdrawn and superseded by the amended and substituted petition, and had not been offered in evidence upon the trial, and no opportunity had been given the plaintiff to explain the same. The objection was overruled, and this ruling is made the basis for one of the assignments of error. The question seems to be ruled by the case of *Shipley v. Reasoner*, 87 Iowa, 555 (54 N. W. Rep. 470), wherein it is held that such superseded pleadings cannot be considered in evidence without being introduced. We there said: "Being only evidence, and subject to explanation, it seems that it should be introduced as any other evidence, and unless so introduced it should not be considered. To hold otherwise, is to permit a party to spring a surprise upon his adversary, by presenting the admissions when the opportunity to explain has passed. Surely the law does not contemplate such an unfair practice, that would deprive a party of the privilege of explaining how or why the admission was made." It is contended, however, by counsel for appellee, that the error, if any, in this respect, was waived, because plaintiff's counsel in their concluding argument replied to the comments of counsel, and explained to the jury the reason for the amendment and the additional statements therein. Is it true that because counsel comment upon and attempt to explain matters which have been erroneously considered against them, they waive the error, if any, in the procedure? We think not. Counsel in argument must make the best of the case as

they find it. And if, perchance, they answer an illegitimate and erroneous argument or procedure on the other side, they do not, by so doing, waive the error. Nor do we think that by so doing they remove any prejudice which might have arisen had they kept silent.

III. Certain of the instructions given by the court are complained of. The record discloses this exception taken at the time the instructions were given: "To the giving of which instructions the plaintiff and the defendant, J. C. Hill, duly excepted." Under repeated and well-settled rules of this court, this is not sufficient to bring up for review any specific instruction. The exceptions go to the instructions as a whole, and if any part of them are good, then the objections to them are without merit. It is practically conceded that some of them are good. Hence it follows that the exceptions to certain of them cannot be considered. *Hallenbeck v. Garst,* 96 Iowa 509 (65 N. W. Rep. 417.) Plaintiffs were given time within which to file a motion for a new trial, and in arrest of judgment, but nothing was said about exceptions to the instructions. When the motion came in, it included exceptions to the instructions in proper form, but as such they were filed too late. The agreement, as we have observed, did not give time for filing these exceptions, and they came too late. This point has been heretofore decided by this court in the case of *Bush v. Nichols,* 77 Iowa, 171 (41 N. W. Rep. 608). See, also, authorities cited in this opinion, and *Hollenbeck v. Garst, supra.* We cannot consider the assignments of error relating to the instructions.

IV. Other errors are assigned, but as the questions may not arise upon a retrial, we do not consider them. For the errors pointed out, the judgment is REVERSED.