JOHN A. ROWEN, as Administrator, Appellant, v. HARRY W. SOMMERS.

**Review of Instructions:** EXCEPTIONS: *Assignment of error.* A general exception to the instructions, *en masse,* at the time they were given, and assignments of error on specific instructions, raise no question, for review, on appeal if any of the instructions are good.

SAME: *Motion for new trial.* Where exceptions taken on a motion for a new trial are relied on (Code, section 2789) for the review of instructions, the record must show that the motion was filed within three days after the verdict, as required by the statute.

*Appeal from Scott District Court.*—HON. C. M. WATERMAN, Judge.

SATURDAY, APRIL 11, 1896.

Action for damages arising from the death of Elizabeth Roby. Trial to a jury, Verdict for the defendant. Plaintiff appeals,—*Affirmed*.

*J. M. Doran* and *P. M. Detwiler* for appellant.

*Bills & Hass* for appellee.

Kinne, J.—I. Plaintiff, as administrator of the estate of Elizabeth Roby, deceased, brings this action against the defendant, to recover damages arising from a personal injury, resulting in the death of his decedent. The charge is, that the defendant was the keeper of an hotel in the city of Davenport, Iowa; that said decedent was a guest at said hotel, and, while such, she, without any negligence on her part, and because of the negligence of the defendant, in not locking the door leading to an elevator shaft, was negligently permitted to open said door, step into said shaft, and fall to the floor below, by reason of which fall, she received injuries from which she died. The answer was a general denial. It was also averred, that the cause of the injury which resulted in the decedent's death, was her own negligence; that the door to said elevator shaft was fastened, and the decedent negligently seized said door, and so violently jerked it as to unlock the same, whereupon she stepped into said opening, fell, and was so injured that death resulted.

II. The only errors assigned relate to certain of the instructions given by the court on his own motion. It is said by the appellee that, under this record, we cannot consider them. The only exception taken to the instructions is to all of them *en masse* at the time they were given. No complaint is made to the giving of several of the instructions. We have many times held that a general exception to all

of the instructions given, when some of them were good, is not sufficient to bring up for review any particular instruction. The exception goes to the instructions as a whole, and, if any one of them is good, such an exception raises no question for our consideration. *Davenport Gaslight and Coke Co. v. City of Davenport*, 13 Iowa, 236; *Loomis v. Simpson*, 13 Iowa, 532; *Lyons v. Thompson*, 16 Iowa, 66; *Browne v. Jefferson County*, 16 Iowa, 343; *Jack v. Naber*, 15 Iowa, 452; *Armstrong v. Pierson*, 15 Iowa, 476; *Pitman v. Molsberry*, 49 Iowa, 339; *McCaleb v. Smith*, 24 Iowa, 591; *Reeves v. Harrington*, 85 Iowa, 741; *Hallenbeck v. Garst*, 96 Iowa, 509 (65 N. W. Rep. 417); *Leach v. Hill*, 97 Iowa, 81 (66 N. W. Rep. 71). So we have held that a general exception to instructions given by the court, and an assignment of error upon specific instructions embraced therein, raise no question for review by this court. *Cousins v. Westcott*, 15 Iowa, 254. True, it is said in the motion for a new trial that the court erred in each and every one of its instructions given by it on its own motion to the jury. It may be doubted if this could be treated as an exception. It is more in the nature of an assignment of errors. Besides, it does not appear that such motion was filed within the time provided by statute. When exceptions are thus taken, it must be done within three days after the verdict. Code, section 2789. This record fails to show when the motion was filed. *Bush v. Nichols*, 77 Iowa, 171 (41 N. W. Rep. 608). Under this condition of the record, the instructions as to which errors are assigned cannot be considered.—AFFIRMED.