CAYOUETTE, Administrator, Respondent, vs. EMIL T. RAD-DANT BREWING COMPANY, Appellant.

*October 22—November 10, 1908.*

*Appeal: Review: Motion for new trial: Bill of exceptions: Depositions: Notice: Objection, when to be made: Contracts: Sale: Statute of frauds.*

1. Error assigned on denial of a motion for new trial on the ground that the verdict was contrary to the evidence cannot be considered or the evidence reviewed on appeal where the bill of exceptions does not show that any such motion was made.

2. Under sec. 4091, Stats. (1898), the objection that sufficient notice of the taking of a deposition was not given must be made before entering on the trial.

3. Even if an oral contract under which defendant furnished saloon fixtures to plaintiff to be paid for in monthly instalments was void under the statute of frauds because not to be performed within one year, yet, after plaintiff had made payments thereon, if defendant wrongfully took and converted the fixtures plaintiff could recover the amount paid.

APPEAL from a judgment of the circuit court for Shawano county: JOHN GOODLAND, Circuit Judge. *Affirmed.*

The plaintiff was running a saloon under an agreement with the defendant by the terms of which the plaintiff agreed to pay for the fixtures advanced by defendant in instalments of $5 per month and also pay $15 a month on rent of the premises. The claim of the plaintiff in this action as set up in the complaint is to the effect that, after he had performed the agreement to the extent of paying $265 on the fixtures, the defendant, in violation of its agreement, dispossessed plaintiff, converted the fixtures and sold them to another, and refused to perform or permit plaintiff to perform on his part; that plaintiff duly tendered performance, which was refused, and demanded return of his money, which was likewise refused. The issues were tried before the court and a jury, and the jury found in favor of plaintiff. Judgment was rendered on the verdict, from which this appeal was taken.

The cause was submitted for the appellant on the brief of *P. J. Winter,* and for the respondent on that of *Eberlein & Eberlein.*

KERWIN, J. The appellant assigns the following errors: (1) That the court erred in not granting the motion of the defendant for a new trial on the ground that the verdict was contrary to the evidence: (2) that the court erred in receiving the deposition of one Joseph Cayouette, for the reason

that no sufficient notice of the taking of said deposition had been served upon the defendant or his attorney; (3) that the court erred in denying the defendant's motion to dismiss the action, for the reason that the case was tried upon the theory of a valid contract, and that such contract was not to be executed within one year and was therefore void.

The first assignment of error cannot be considered. We cannot review the evidence in this case, since there is nothing in the bill of exceptions going to show that any motion for a new trial was made. The sufficiency of the evidence is the only question arising under the first assignment of error; hence this error is not available to defendant.

On the assignment of error that the court erred in receiving the deposition there is nothing in the bill of exceptions showing what notice was given. Nor does it appear that any motion was made before entering upon the trial to suppress the deposition or to take advantage of defect in service of notice, if any existed. The objection that sufficient notice was not given could not be raised for the first time when the deposition was offered upon the trial. Sec. 4091, Stats. (1898); *University of Notre Dame du Lac v. Shanks*, 40 Wis. 352.

The appellant further assigns error upon the theory that the contract between plaintiff and defendant was within the statute of frauds and void. This assignment is not available for the reason that, even if it be conceded that the contract was void when made, it was executed to the extent that $265, the amount of money claimed in this action, had been paid under the contract by plaintiff to defendant. Therefore, so far as this case is concerned, it is wholly immaterial whether the contract, while executory, was void under the statute of frauds or not. We find no error in the record; therefore the judgment must be affirmed.

*By the Court.*—The judgment of the court below is affirmed.