HARRISON V. CHARLTON.

1. **Evidence**: TESTIMONY OF DECEASED WITNESS. The testimony of one who is called to give the evidence of a deceased witness upon a former trial must include the cross-examination of such witness or it will not be competent.

2. **Practice in the Supreme Court**: BILL OF EXCEPTIONS. The bill of exceptions may be signed by consent of the parties after the adjournment of the term.

3. ————: EXCEPTIONS. Exceptions to the instructions given or refused must be taken at the time the jury is charged or within three days after the verdict, or the errors assigned upon them will not be considered by the Supreme Court.

*Appeal from Washington District Court.*

FRIDAY, MARCH 24.

THIS is an action to recover the sum of $248.87, an alleged balance due for lumber sold to defendant. The defendant, by way of counter-claim, alleges that he made a contract of purchase of plaintiff's lumber yard in Washington, Iowa, for which he was to pay Washington prices, with 12 per cent off. That it was agreed at the time of purchase that plaintiff should add no lumber to the stock then in the yard. That plaintiff, in violation of his agreement, added a large amount of lumber of inferior grade, which was included in the invoice and sold to defendant, damaging him in the sum of $2,185.39, for which he asks judgment. The cause was tried at the September term, 1872, and verdict and judgment were rendered for defendant. Upon appeal to this court the judgment was reversed. See 37 Iowa, 134. At the July term, 1874, the case was again tried, the result being a verdict and judgment for defendant, for $1,800. Plaintiff again appeals.

*H. & W. Scofield*, for appellant.

The party seeking to introduce the testimony of a deceased witness must satisfy the court that all the requirements necessary to its admission have been complied with. (*War-*

*ren v. Nichols*, 6 Met., 261.)   One of these requirements is that the witness should be able to state *all* the testimony of the deceased witness. (*Tibbets v. Flanders*, 18 N. H., 284; *Wilbur v. Tilden*, 6 Cow., 164; *Wood v. Keys*, 14 Allen, 236; *Emery v. Fowler*, 39 Me., 326; *Wolf v. Wyeth*, 11 Serg. & Rawle, 149.)   The evidence of a deceased witness is not admissible where the party giving it cannot also give the cross-examination.   (1 Greenl. on Ev., §§ 164–5; *Jackson v. Lawson*, 15 Johns., 543; *Heth v. Young*, 11 B. Mon., 278; *Kendrick v. State*, 10 Humph., 479; *Marsh v. Jones*, 21 Vt., 378.)   It is not enough that the witness repeat part of the cross-examination: he must give it all.   (*Watson v. Gilday*, 11 Serg. & Rawle, 337; *Wilbur v. Selden*, 6 Cow., 164, note.) The memorandum of a transaction, whose contents are proved, constitutes better evidence than the recollection of witnesses. (*Guy v. Mead*, 22 N. Y., 462.)

*McJunkin, Henderson & Jones*, for appellee.

The party in default has no other right than that of appearing to cross-examine witnesses.   (*Wilkins v. Trenor*, 14 Iowa, 392; *Carleton v. Byington*, 17 Id., 579; *Armstrong v. Carlin*, Id., 581; *Plantz v. Culver*, 13 Id., 312.)   When the record fails to disclose that there was a cross-examination of the deceased witness on the points of his testimony detailed, the court will properly presume there was none.   (*Eubank v. Whitaker*, 11 Iowa, 197; *Baker v. Chapline*, 12 Id., 204; *M. & M. R. Co. v. Byington*, 14 Id., 572; *Baker v. Brown*, 15 Id., 70.)   The witness had the right to refresh his memory with the minutes of the evidence of the deceased witness. (*Clark v. Voice*, 19 Wend., 232; *Wilbur v. Brown*, 6 Cow., 162; *Green v. Brown*, 3 Barb., 119; *Van Buren v. Cockburn*, 14 Id., 118.)

DAY, J. — I.   Upon the former trial A. R. Ellis, now deceased, gave important testimony respecting the lumber

1. EVIDENCE: testimony of deceased witness.

purchased and added to the yard, after defendant's contract of purchase, and the price paid therefor. The defendant introduced one G. G. Bennett, his

attorney at the former trial, for the purpose of proving by him the testimony of this deceased witness.

Bennett testified, referring to a copy of the schedule attached to defendant's amended ·cross-petition, that Ellis testified upon the former trial that plaintiff through his agent bought in Muscatine the lumber charged in cross-petition to have been bought of B. Hershey, and that this lumber was shipped to plaintiff at Washington.

Upon cross-examination Bennett was then asked what Ellis stated on cross-examination.

The witness replied that he could not state; that he thought that the deceased witness was cross-examined very little.

Plaintiff then moved the court to exclude the evidence of Bennett, because he could not remember and state the evidence of Ellis on cross-examination. The court overruled the motion, and plaintiff excepted. This action of the court is assigned as error.

The testimony of this witness should have been excluded. One called to give the testimony of a deceased witness must be able to state the substance of all that was said on the particular subject, not only on the examination-in-chief, but on the cross-examination also. Otherwise, the party would be denied the advantage of one of the most important auxiliaries in the ascertainment of truth, the right to cross-examine the witnesses opposed to him. This proposition is so elementary that an extended citation of authorities is not necessary nor proper. See 1 Greenleaf on Evidence, Sec. 165, and authorities cited. In this case it seems that Ellis testified only respecting the purchase of lumber at Muscatine. He was cross-examined the witness admits; yet he is not able to give any of the cross-examination. The plaintiff's motion to withdraw this testimony from the consideration of the jury should have been sustained.

II. The cause was tried July 31, 1872. On the 11th of August, in vacation, the bill of exceptions was settled and signed. It is now insisted that a bill of exceptions cannot, even by agreement, be settled after the adjournment of the term. Section 2831 of

2. PRACTICE in the Supreme Court: bill of exceptions.

the Code, 3106 of the Revision, provides: " The party object-ing to the decision must at once present his bill of exceptions; unless the court or adverse party object, he may have time to do so, not extending beyond the term."

We do not think it was the intention of this section to pre-vent the parties from making an agreement that the bill of exceptions should be signed after the close of the term.

It provides that unless the adverse party or the court object, the party desiring a bill of exceptions may have time to pre-sent the same, not extending beyond the term. If no affirma-tive act is done by the opposite party or the court, if no objection is interposed, then, by tacit understanding, as a mat-ter of course, and without any agreement, the party may have time to present his bill of exceptions, not extending beyond the term. But if the parties affirmatively agree to extend the time for the settlement of the bill a certain number of days beyond the adjournment of the court, such agreement is not, we think, under this section invalid.

The uniform practice, we believe, of the *nisi prius* courts has been to settle bills of exceptions after the adjournment of the term, where parties consent thereto. And this practice has been at least impliedly sanctioned by this court. The exercise of this power seems almost indispensable to the proper disposition of business in those courts.

This court has in numerous cases arising upon motion, and which have never been reported, recognized the validity of bills of exceptions signed by agreement after the adjournment of the term. All that has been required in such cases is that the bill shall have been settled within the time agreed upon.

The case of *St. John v. Wallace*, 25 Iowa, 21, recognizes, by implication, the legality of such a procedure.

III. The appellant urges various objections to the instruc-tions given, and to the refusal to give those asked. The bill of exceptions states: " No one of the exceptions to the charge, the instructions given, or the modi-fications of instructions, or the refusal to give instructions, were taken at the time of trial, nor were they taken in any other way or time, than being now embraced in this bill of

exceptions and referred to in the motion for new trial." The motion for new trial was presented upon the same day that the bill of exceptions was signed.

Exceptions to the giving or refusal to give instructions must be taken at the time of the court's charge to the jury, or within three days after verdict. Code, Secs. 2786–7 and 9.

It follows that the exceptions in question were not taken in proper time, and that none of the errors assigned upon the giving, or the refusal to give instructions, can be considered.

For the error before noticed, the judgment is

REVERSED.