Emery v. Emery.

AFFIRMED.

EMERY ET AL. v. EMERY ET AL.

1. **Practice:** MOTION FOR NEW TRIAL: RULE OF COURT.  A party who files a motion for a new trial, in compliance with the requirements of sections 2837 and 2838 of the Code, is entitled to have it determined on its merits, and a rule of court requiring a bill of exceptions to be prepared and presented for signature before the hearing of such motion, and providing that in case of failure to present such bill of exceptions the motion shall be overruled, is inconsistent with the statute.

*Appeal from Buchanan Circuit Court.*

THURSDAY, JUNE 17.

WHAT was claimed to be the will of Wm. Emery was filed in the Circuit Court, and proponents asked that it be admitted to probate.   The contestants filed objections thereto. There was a trial by jury, verdict for the proponents, upon which judgment was rendered, and the contestants appeal.

*D. W. Bruckart* and *Robinson & Powers*, for appellant.

*Boies & Couch* and *Holman & Newman*, for appellees.

SEEVERS, J.—The verdict was returned on the last day of the term, and leave was granted contestants until the first day of the next term to file a motion for a new trial. Such motion was filed May 19, 1879; the grounds being that the verdict was contrary to the law and evidence; that the court erred in the instructions given, and in refusing those asked, and in admitting and excluding evidence. Afterward the proponents filed a motion asking the court to overrule the motion for a new trial and for judgment on the verdict because "no bill of exceptions was presented to the court ready for signature by the first day of the term following the one at which the case was tried, as provided by the rules for practice for the District and Circuit Courts of the ninth judicial district." This motion was sustained. The rule therein referred to is as follows:

*1. PRACTICE: motion for new trial: rule of court.*

"No motion for a new trial shall be heard until a bill of exceptions shall be presented ready for signature, and the party desiring to use the testimony shall pay the copying fees for the same. The bill of exceptions must be presented by the first day of the term following the one at which the case was tried, unless prevented by unavoidable circumstances; unless so presented the motion shall be overruled."

The appellants insist that the rule is invalid because inconsistent with the statute, and appellees insist that the record fails to show the motion for a new trial was not overruled on the merits, and that the bill of exceptions must be presented within the time given for that purpose. *Harrison v. Charlton,* 42 Iowa, 573. If no time is given, that it then must be presented during the term. Code, § 2831.

I. As the motion filed by proponents asked that the motion for a new trial be overruled upon a single ground, we think, in the absence of any showing to the contrary, it suffi-

ciently appears, and it must be conclusively presumed, it was sustained on the ground therein stated. The effect of the action of the court was to refuse to determine the motion for a new trial on the merits.

II.   Section 180 of the Code provides, among other things, that the judges of the District and Circuit Court may adopt "such rules as they deem expedient, not inconsistent with this Code," and sections 2837 and 2838 provide for filing a motion for a new trial, which is defined to be " a re-examination in the same court of an issue of fact, or some part or portion thereof after verdict by a jury, report of a referee, or a decision of a court."

A motion for a new trial should be determined on the merits, unless there is some statute, or rule of court not inconsistent therewith, which prevents it.   There is no such statute, and we think the rule is inconsistent with the spirit and intent of the statute, for the reason that a bill of exceptions is and must be regarded as unnecessary to enable the court to properly determine the motion, and for the further reason that the only office of a bill of exceptions is to inform the appellate court what occurred on the trial which does not otherwise appear of record.   The trial court has no right or authority to require a bill of exceptions to be prepared for its own information.   Such court is presumed, and as a matter of law is bound, to know what occurred during the trial. Possessing such knowledge, the court is enabled to sign correct and true bills of exceptions for the information of the appellate court.

The Circuit Court erred in overruling the motion for a new trial because no bill of exceptions had been prepared.

REVERSED.