BAILEY V. ANDERSON ET AL.

EXCEPTIONS TAKEN TOO LATE: DEFECTIVE RECORD: JUDGMENT AFFIRMED.

*Appeal from Taylor Circuit Court.*

WEDNESDAY, JUNE 13.

ACTION upon a promissory note. There was a verdict and judgment for defendants. Plaintiff appeals.

*Flick & Dunlavy*, and *G. L. Finn*, for appellant.

*J. L. Brown*, for appellees.

BECK, J.—I. The pleadings in this case raise various issues involving the negotiability of the note sued on, the failure of consideration, alteration of the instrument, and fraud in procuring its execution, and the like. The assignment of errors assails the ruling of the court in giving and refusing instructions and in overruling a motion for a new trial. Objections to rulings upon the admission of evidence are made neither in the assignment of errors nor in the argument.

II. The abstract upon which the case is submitted fails to show exceptions taken to the rulings upon instructions either at the term they were given or upon the motion for a new trial as prescribed by Code, section 2789. The exceptions were taken in the bill of exceptions, which was allowed and signed about thirty days after the trial. We cannot review the instruction given or refused upon the exceptions taken after the time prescribed in the statute.

III. The plaintiff insists that the verdict is not sustained by the evidence. But he fails to present all the evidence in his abstract. The defendants have liberally set up in an amended abstract what they say is all the evidence. But we think that this evidence found in the two abstracts, if we are to regard it as all the evidence in the case, sufficiently supports the verdict, or at least the verdict is not so in conflict with it that we are required to interfere.

IV. Two instructions given by the court to the jury were afterwards withdrawn on the ground that there was no evidence to which they were applicable. To this ruling exceptions were taken in due time. We discover no error in the ruling, as we fail to find evidence in the abstract upon which the instructions were properly based.

The judgment of the district court must be

AFFIRMED.