ROBINSON v. LINN COUNTY.

1. **Practice on Appeal:** NO RULING EXCEPTED TO: JUDGMENT AFFIRMED. Where the action was begun by ordinary proceedings, but, after trial was begun, the court ordered that plaintiff could proceed no further without amending his petition, and plaintiff amended, asking for the reformation of a contract, and the issue thereon was tried by the court, and a decree entered thereon for defendant, and the cause was then transferred back to the law docket, and, upon the trial of the law issues, the court instructed the jury to find for the defendant, which was done, and judgment entered accordingly, and no exception was taken except to the final judgment, and this was more than three days after the said instructions had been given, *held* that there was nothing for this court to try, and that the judgment should be affirmed.

*Appeal from Linn Circuit Court.*

THURSDAY, MARCH 10.

THE plaintiff seeks by this proceeding to recover of the

defendant $175 for certain work done upon a public highway. An action at law was first brought, a jury was impaneled to try the case, and, after the trial had proceeded for some time the court ordered that plaintiff could proceed no further without amending his petition. Thereupon plaintiff amended his petition, in which he asked a reformation of a certain written contract which was involved in the controversy, and the jury was discharged. The amendment of the petition presented an equitable issue, and this issue was tried, and a decree was entered for the defendant, and the abstract recites that " the cause was transferred back to the law side of the docket by the court." The plaintiff then filed an amended and substituted petition. Issue was taken by answer, and a trial was had to a jury, which resulted in a verdict and judgment for the defendant. Plaintiff appeals.

*Charles W. Kepler* and *G. W. Wilson*, for appellant.

*Davis & Brooks*, for appellee.

ROTHROCK, J.—When the court determined, at the first trial, that the plaintiff could not recover without a reformation of the written contract, the plaintiff made no objection to the ruling, but acquiesced therein by filing a petition in equity; and, when the equity cause was determined against him, he made no objection to that decision, but filed another petition at law. When the evidence was closed at the last trial, and counsel had argued the case to the jury, the court on its own motion instructed the jury to return a verdict for the defendant. This instruction was given, and the verdict returned, on the fourth day of the month. The plaintiff did not except to the instruction at the time it was given, nor at any other time. Judgment was entered on the verdict on the tenth day of the same month. The first and only exception made to any of the above rulings and orders of the court was a general exception entered to the final judgment rendered by the court.

It is very plain that the plaintiff, by acquiescing in the rulings of the court by which three trials were had for the same claim, precluded himself from appealing from such orders; and it is equally clear that his failure to except to the instruction given by the court to the jury precludes him from now complaining of that ruling of the court. Exceptions to instructions to the jury must be taken at the time the jury is charged, or within three days after the verdict. Code, § 2789; *Harrison v. Charlton*, 42 Iowa, 573. As the alleged error of the court in giving the instruction complained of lies at the threshold of an examination of the case in this court, the judgment of the circuit court must be

AFFIRMED.