MARION B. DUTTON, Administratrix, Appellee, v. THOMAS SEEVERS, Appellant.

1. **New Trial:** MOTION: AMENDMENT. A motion for new trial, upon the ground of alleged error in the instructions of the court to the jury, can not be amended, after the expiration of three days after verdict, so as to present, as ground for a new trial, the error of the court in failing to instruct the jury at all as to the burden of proof upon one of the issues in the cause.

2. **Evidence:** CONCLUSIONS. In an action by an administrator to recover for the support of a minor child, maintained by his decedent, *held,* that evidence as to the expectations of the decedent as to the matter of compensation, and his belief and conclusions in relation to the same, was inadmissible.

3. ———: ———. The jury having been instructed that the father of the child was under legal obligation to support it, *held,* that evidence as to what the decedent's expectations were in regard to compensation for supporting the child was immaterial.

4. ———: ERROR WITHOUT PREJUDICE. The defendant having admitted in his answer that he was able to maintain the child, *held,* that the exclusion of evidence as to the defendant's financial ability was without prejudice.

5. ———: JUDGMENT IN ANOTHER ACTION. The plaintiff's petition alleged that a divorce had been obtained by the child's mother from the defendant, and the latter in his answer admitted the divorce, and set up the provisions of the decree as a defense. In his reply the plaintiff denied the decedent's knowledge of the terms of the decree. The court having instructed the jury that the decree would not bar the plaintiff's right to recover, but that it might be considered in determining the question whether the deceased expected compensation for the services rendered, *held,* that the admission of the decree in evidence, and of testimony tending to show that the deceased had actual knowledge of its provisions, was not erroneous.

*Appeal from Mahaska District Court.*—HON. J. K. JOHNSON, Judge.

FRIDAY, OCTOBER 13, 1893.

ACTION to recover for the support of a child. There was a verdict and judgment for the defendant. The verdict was set aside, and both parties appeal.—On the plaintiff's appeal, *affirmed;* on the defendant's appeal, *reversed.*

*G. C. Morgan* and *G. W. Lafferty,* for appellant.

*Seevers & Seevers,* for appellee.

KINNE, J.—This is an action by the administratrix of L. K. Dutton, deceased, for recovery of compensation for keeping, boarding and maintaining the child of Thomas Seevers. In 1876, Seevers married the daughter of L. K. Dutton, and the child in question was born to them July 8, 1877. When the child was six months old, the mother left her husband, and she and her father took the child to the father's home, where it was cared for and maintained by him until Dutton's death, in January, 1890. In 1881 Seevers and his wife were divorced, and in said action it was decreed that the mother of the child "shall have the custody, care and control of said child, and shall stand charged with the support thereof, and that the plaintiff [in that action, and defendant in this] shall pay the sum of three hundred dollars, which sum shall be in full of all alimony and support to defendant [in that action], and in full of support of said child." It appeared that defendant had fully complied with the terms and conditions of the decree. There was a trial to a jury, and a verdict for the defendant.

The plaintiff filed a motion for a new trial within three days after the return of the verdict, upon several grounds, among which is the following: "*Third.*

The court erred in its instructions given to the jury numbered from one to eight, inclusive, and in giving each of said instructions, and every part thereof.''

More than three days thereafter an amendment to said motion was filed, stating the following, among other, grounds for a new trial:

"*Twelfth.* The court erred in not instructing the jury on which party was the burden of proof to show whether L. K. Dutton expected to be paid for the support of said Eugene N. Seevers, or whether he expected to do so without compensation. *Thirteenth.* The court erred in not instructing the jury that the burden of proof was on the defendant to show that said L. K. Dutton supported said Seevers without compensation, and that he did not expect any compensation therefor. *Fourteenth.* The court erred in not instructing the jury that the burden of proof was on defendant to overcome the presumption of law that defendant was liable for the support of said Eugene N. Seevers. *Fifteenth.* The court erred in not instructing the jury that the presumption of law created a liability on the part of the defendant to support said Eugene N. Seevers, and that the burden of proof was on said defendant to overcome such presumption of liability.''

When leave was asked to file this amendment to the motion, the defendant objected thereto, on the ground that the same was not made or filed within three days after the rendition of the verdict. The objection was overruled, to which the defendant excepted. On hearing on the motion, as amended, the same was sustained upon the following ground only, viz.: "Motion for a new trial sustained on the ground that the court had failed to instruct as to burden of proof as to expectation of L. K. Dutton.'' The defendant excepted to the ruling, and plaintiff excepted to the ruling in failing to sustain the motion and amendment on each of the other grounds therein. Both parties appeal.

I.   The defendant having first perfected his appeal, it will be first considered.   The only question presented by it is the correctness of the rulings of the court in permitting the amendment to the motion for a new trial to be filed after the expiration of three days from the rendition of the verdict, and in acting thereon.   Our statute provides, that the application for a new trial "must be made at the term and within three days after the verdict * * * is rendered, except for the cause of newly discovered evidence."   Code, section 2838.   It was held in *Sowden v. Craig*, 20 Iowa, 478, that under Revision, section 3114, which is substantially like section 2838 of our present Code, a motion for a new trial, filed within three days, might be afterward amended, provided the amendment "was germane and proper to the object and purpose of the original motion, and could not in any legitimate sense be regarded as a new motion."   Tested by this rule, was the amendment properly allowed?   The grounds stated in the original motion, in substance, were that the court erred in giving its instructions, in refusing those asked by the plaintiff, and in the admission and exclusion of certain evidence. The ground of the amendment upon which the court granted a new trial was that the court erred in failing to instruct the jury that the burden of proof to show that the maintenance of the child by Dutton was gratuitous rested upon the defendant.   It is contended by counsel that the grounds stated in the amendment are merely an "elaboration" of those set out in the original motion heretofore referred to.   We can not accede to the correctness of this claim.   The ground stated in the original motion, to which it is claimed the amendment is germane, is that the court erred in its instructions given.   It can not be reasonably claimed that the error as assigned therein in any wise relates to a failure

*1. NEW trial: motion: amendment.*

of the court to instruct upon some matter not mentioned in the instructions as given. The complaint in the amendment is that the court failed to instruct touching the burden of proof. That is clearly new matter, in no way related to the ground stated in the original motion. The amendment, so far as it related to a failure to instruct as to the burden of proof, was in legal contemplation a new motion, containing a ground for a new trial not germane to those stated in the original motion, and hence the court should not have permitted it to be filed, and, if filed, it should not have been considered. The original motion was not sustained. This is not a case of discretion with the trial court, with which we should be slow to interfere. The question presented to the district court was a legal one. The new trial was granted, not as a matter of discretion, but as a matter of right, because the court thought he had erroneously failed to instruct the jury as to the burden of proof. It is contended by the appellant, and we think with much reason, that the instruction was not vulnerable to the objection urged, but, however that may be, the objection came too late. We are not to be understood as holding that a court may not in a proper case, and under proper circumstances, on its own motion, order a new trial. We have no such case before us. The court granted a new trial upon grounds stated in the amendment, not on its own motion.

II. The plaintiff, in her appeal, complains of the exclusion of certain evidence which was offered for the

2. EVIDENCE: conclusions.

purpose of showing the expectation of Mr. Dutton as to receiving compensation from the father of the child for its support. Some of the questions asked the witness to testify to the intention of the decedent as to compensation, others asked for the belief of the decedent as to the same matter, and still others called for the decedent's conclusions. Clearly such evidence is inadmissible. It was for the

jury to say what his intentions, belief and conclusions were, after being advised as to the facts. To have permitted the witness to answer such questions would have been permitting him to testify to his conclusions based upon facts not in evidence.

III. Error is assigned upon the court's refusal to permit Mrs. Dutton to testify as to what her husband said, as to whether or not he expected compensation for supporting the child. The proposed evidence was immaterial. The court instructed the jury that the law imposed a legal obligation upon the defendant to pay for the keeping of his child. Hence, under the evidence in the case, recovery would follow, unless the defendant established as a fact that Dutton did not expect to be paid. The evidence was properly rejected.

3. ——: ——.

IV. It is urged that the court erred in rejecting evidence relating to the financial condition of the defendant. The defendant admitted in his answer that he was able to maintain his child. One witness testified she did not know of the defendant's pecuniary condition except by hearsay. The other witnesses did testify as to facts within their knowledge touching the property of the defendant, and its value. Even if it be conceded that such evidence is proper in view of the admissions in the answer, still there was no prejudicial error in the rulings complained of.

4. ——: error without prejudice.

V. Against the plaintiff's objection, the court admitted in evidence the decree of divorce; also evidence tending to show that Dutton had actual knowledge of it, and of its provisions. It appears that Dutton knew of the decree; that he drew the money ordered to be paid by it for the support of the child. It is said that the plaintiff should not be bound by the decree. The court instructed the jury that the decree would not bar

5. ——: judgment in another action.

the plaintiff's right to recover, but they might, if they found its provisions were known to Dutton, and he thereafter made no demand upon the defendant for the maintenance of the child, consider such fact as a circumstance in determining the question as to whether Dutton rendered the services in the expectation of being compensated therefor. Again, it was alleged in the petition that a divorce had been granted. It was admitted in the answer, and its terms and conditions pleaded as a defense, and in a reply the plaintiff denied Dutton's knowledge of the terms and conditions of the decree. In view of all these facts and of the instruction of the court, we discover no error in the admission of the testimony.

On appeal of the plaintiff the judgment below is AFFIRMED. On appeal of the defendant the judgment below is REVERSED.