MARY E. HALL, Appellee, v. HARRISON FEAGINS, Appellant.

**NEW TRIAL:** Petition for Filed Within Year—Amendment After Year. A petition for new trial may be filed as late as one year after the entry of judgment under exceptional circumstances. (Sec. 4092, Code.) But, conceding that such petition is amendable, it must be perfected within said one year. New and independent grounds for new trial cannot be injected into the petition under cover of amendments filed *after* said one year.

*Appeal from Davis District Court.*—HON. F. W. EICHELBERGER, Judge.

WEDNESDAY, MARCH 17, 1915.

ACTION at law to establish boundary between tracts of land. The opinion states the case.—*Affirmed.*

*T. P. Bence,* for appellant.

*Payne & Goodson,* for appellee.

WEAVER, J.—This action was begun to settle a disputed

1. NEW TRIAL: petition for filed within year: amendment after year.

boundary line. Originally the line had been marked by a rail fence. Later, a wire fence had been built and among the material fact questions upon the trial was the inquiry whether the wire fence stands substantially upon the site of the old rail fence and whether the wire fence had existed and been acquiesced in as marking the line for more than ten years.

The latter question turned upon whether the wire fence had been built in 1899, as claimed by the plaintiff, or in 1902, as claimed by the defendant. Each of these theories, it is said, was supported by an array of witnesses, but their testimony is not found in the record. The trial

court found for the plaintiff that, while the wire fence was not on the site of the old rail fence, it had nevertheless been built and acquiesced in for more than ten years and judgment was therefore rendered in her favor. More than three days after this judgment entry, but within the year, defendant filed a motion for new trial on the ground of newly discovered witnesses by whom it could be shown that the wire fence was not built before the year 1902. More than a year after said judgment was entered, he amended his petition, alleging recent discovery of the fact that plaintiff in another lawsuit with another person involving an extension of the same fence had testified under oath that the wire fence stands on the site of the old rail fence and that she claims no land north of the location of that fence. This amendment was stricken on motion of the plaintiff because it states a new and additional ground for a new trial and was not filed within one year after the judgment was entered.

The single question presented by the appeal is whether the trial court erred in holding this amendment too late and striking it from the files. We think there was no error in the ruling. It may be conceded that an amendment to a motion for new trial which does not introduce a new ground for such an order is allowable. *Souden & Co. v. Craig,* 20 Iowa 477; *Dutton v. Seevers,* 89 Iowa 302; *Means Bros. v. Yeager,* 96 Iowa 694; *Guth v. Bell,* 153 Iowa 511.

But the appellant fails to bring his case within this rule. The *Guth* case, *supra,* on which reliance seems to be placed, is not an authority in his favor. There the petition for new trial expressly alleged the falsity of the plaintiff's testimony and the amendment alleged that after said first trial and in the trial of another case plaintiff had stated facts wholly inconsistent with the truth of his testimony in the original case. Such allegation was clearly germane to the grounds for new trial stated in the petition therefor and the amendment was properly sustained. In the case before us there is no charge or allegation in the petition for new trial that the

plaintiff testified falsely. Nowhere in the record is plaintiff's testimony or the testimony of any other witness set out. There is nothing in the record to indicate that she did not testify in this case as she did in the later case against the other party. Indeed we have the statement of defendant's counsel in the petition for new trial that plaintiff did try her case on the theory that her wire fence was on the line of the old rail fence and he makes it a ground of complaint that he was thereby misled. In other words, plaintiff would appear to have been insisting in both cases upon the line of the old rail fence and claiming that such line was identical with her wire fence. Her testimony in her case against the third person was therefore entirely consistent with her contention in this case, although it may not be entirely consistent with the view of the facts which the trial court seems to have adopted in entering judgment in her favor. If, however, we were to treat the amendment as averring that plaintiff had testified falsely on her first trial, we think it would be an allegation of new and independent matter or ground for new trial, which cannot be imported into the petition after the year for applying for such relief has expired. Substantially all the new testimony mentioned in the original petition has sole reference to the time when the wire fence was built and not to its location with reference to the rail fence. Had the amendment been allowed to stand and had all the allegations of the amended petition stood undenied, we could not disturb the order denying the new trial. The record is not complete. The testimony, as we have already said, has not been preserved and the presumptions are all in favor of the rulings complained of. So far as we can tell, the newly discovered evidence may have been clearly cumulative. If so, no other course was open to the court but to deny the application.

We find no error in the record and the judgment below is—*Affirmed.*

LADD, EVANS and PRESTON, JJ., concur.