CHARLES HAMAN et al., Appellees, v. W. A. PRESTON, Executor, et al., Appellants.

NEW TRIAL: Proceedings to Procure—Amendment to Motion. Sec.
1  3756, Code, 1897, requires a motion for a new trial to be filed within three days after the verdict, unless the time is extended by the court; and an amendment to a motion for a new trial filed after that time will not be permitted, except where germane and pertinent to the object and purpose of the original motion.

NEW TRIAL: Proceedings to Procure—Amendment to Motion—Exceptions to Instructions. The provision of the statute permitting exceptions to instructions to be included in a motion for new trial does not contemplate that the same may be filed in an amendment to such motion after the time allowed by the statute.

NEW TRIAL: Proceedings to Procure—Amendment to Motion—Exceptions to Instructions. In an action tried while Sec. 3705-a, Code Supp., 1913, was still in force, an amendment to the motion for new trial, filed after the time allowed for filing of original motion, and not purporting to amend the original motion, and consisting only of exceptions to instructions given and to refusal of the court to give certain requested instructions, which exceptions were not included in the motion for new trial, was not germane to any matter contained in the original motion, and was properly stricken.

APPEAL AND ERROR: Review—Harmless Error—Requested Instructions Covered by Other Instructions. The refusal to give a requested instruction held not prejudicial to the defendant, where a paragraph of the charge given covered the same point, and was as favorable to defendant as his requested instruction.

TRIAL: Instructions—Undue Emphasis—Argumentative Instructions.
5  Instructions which were argumentative in part, and gave improper emphasis to certain parts of the evidence, held to have been properly refused.

WILLS: Undue Influence—Question of Fact. Evidence reviewed,
6  in an action to set aside an item of a will on the ground of undue influence by the legatee's husband, who had been the testatrix's attorney and confidential adviser, and had drawn

and witnessed the will, and *held* that the question of undue influence was one for the jury, and that direct evidence thereof was not necessary.

WILLS:   Undue Influence—Attorney Drawing Will—Husband of Beneficiary—Presumptions. Courts will look with disfavor upon transactions between an attorney and client which result in substantial advantage to the attorney or other persons in fiduciary relations; and while the relation of attorney and client is not sufficient, alone, to set aside a will drawn by the attorney, yet the same may, when considered with other facts and circumstances, justify setting aside such a will resulting in the attorney's substantial advantage, although no direct evidence of misconduct on his part is shown.

TRIAL:   Argument and Conduct of Counsel—Discretion of Court. The Supreme Court is not inclined to reverse judgment for the alleged misconduct of counsel during the argument, where the presiding judge was present during the argument, and in a better position to judge the effect thereof than the Supreme Court.

*Appeal from Clayton District Court.*—A. N. HOBSON, Judge.

SEPTEMBER 16, 1919.

ACTION brought after the will of Dorothea Corts was admitted to probate, to set aside Item 10 thereof, upon the ground of undue influence inducing the execution thereof. There was a verdict in favor of plaintiff, and defendants appeal.—*Affirmed.*

*V. T. Price, W. C. Lewis,* and *W. A. Preston,* for appellants.

*D. D. Murphy & Son,* for appellees.

STEVENS, J.—It is the claim of plaintiffs that the defendant W. A. Preston, who wrote the will and signed same as a witness, was, at the time and long prior thereto, the attorney and confidential adviser of testatrix, and that he, by undue influence, induced her to execute Item 10 thereof, naming his wife as sole residuary legatee. These allega-

tions present the only issue of fact submitted to the jury.

One of the principal grounds relied upon by appellants for reversal is that the verdict is not supported by, and is contrary to, the evidence; but, before proceeding to a discussion of this contention, we will dispose of some of the other questions raised by counsel.

I.  Complaint is made in argument of certain of the court's instructions to which no exception was taken before the case was submitted to the jury.  The case was tried in April, 1917, before Chapter 24, Acts of the Thirty-Seventh General Assembly, repealing Section 3705-a of the Supplement to the Code, 1913, went into effect.  The time for filing a motion for new trial was, by consent of counsel, extended by the court, and the motion was filed within the time allowed.  The only reference to the instructions in this motion is to Instruction No. 11, and is as follows: "The court erred in giving the eleventh instruction on its own motion to the jury."  The original motion was filed on May 10, 1917; and, on November 13th following, which was before final argument, an amendment thereto was filed without leave of court, in which numerous exceptions and objections are urged to Instruction No. 11.  The amendment was supported by affidavits of counsel, excusing their failure to except to the instructions before the case was submitted to the jury.  Upon motion of counsel for plaintiff, the amendment was stricken from the files.  The request of counsel for appellant, made at the time the court ruled on the motion to strike, for permission to file the same, was denied.  Section 3756 of the Code requires a motion for new trial to be filed within three days after verdict, except when based upon certain grounds not involved in the present motion, unless the court for good cause extends the time therefor.  The rule that amendments to a

1. NEW TRIAL: proceedings to procure: amendment to motion.

motion for new trial filed after the time
provided by statute or allowed by the court
will be permitted only when germane and
proper to the object and purpose of the orig-
inal motion is settled by numerous decisions
of this court. *Dutton v. Seevers,* 89 Iowa 302; *Guth v.
Bell,* 153 Iowa 511; *Wiar v. Wabash R. Co.,* 162 Iowa 702;
*Hall v. Feagins,* 169 Iowa 495; *Reed v. Wellsburg,* 179
Iowa 593.

2. NEW TRIAL: proceedings to procure: amendment to motion: exceptions to instructions.

Section 3705-a of the 1913 Supplement to the Code
specifically required that:

"All objections or exceptions thereto must be made be-
fore the instructions are read to the jury and must point
out the grounds thereof specifically and with reasonable
exactness; but upon a showing in a motion
for a new trial that an error in such in-
structions was not discovered by the party
claiming the error at the time of trial, such
objections or exceptions may be made in
the same manner in such motion for a new
trial and no other objection or exception to the instruc-
tions shall be considered by the Supreme Court on appeal,
except those made as above provided. The objections or
exceptions must point out specifically the exact grounds
thereof, and no other objections or exceptions shall be con-
sidered by the trial court upon motion for a new trial or
otherwise, or by the Supreme Court upon appeal."

3. NEW TRIAL: proceedings to procure: amendment to motion: exceptions to instructions.

Under the statute (Section 3709 of the Code) relat-
ing to exceptions to instructions, as it was prior to the
enactment of Section 3705-a, exceptions must be taken
within three days after the verdict, and might be included in
a motion for new trial. Exceptions not taken within the
time allowed were not considered upon appeal. *Harrison
v. Charlton,* 42 Iowa 573; *Bailey v. Anderson,* 61 Iowa 749;
*Ewaldt v. Farlow,* 62 Iowa 212; *Maxon v. Chicago, M. &*

*St. P. R. Co.,* 67 Iowa 226; *Robinson v. Linn County,* 71 Iowa 224. Extension of time in which to file a motion for new trial has been held not to extend the time within which to except to the instructions. *Bush v. Nichols,* 77 Iowa 171; *Clark v. Reiniger,* 66 Iowa 507; *Harrison v. Charlton,* supra; *Bailey v. Anderson,* supra.

The amendment which, as before stated, was filed several months after the time allowed by the court for filing the original motion for a new trial, contained a series of separately numbered exceptions to Instruction No. 11, none of which are in any way referred to or included in the original motion, which presented no objection or exception to that instruction that could be considered by the court for any purpose. Whether exceptions under the statute made in a motion for new trial be treated as a part of such motion and subject to the same rules relating to amendments or not, no exceptions were contained in the original motion, and could not, therefore, be supplemented by an amendment thereto. The provision of the statute permitting exceptions to be included in a motion for new trial does not contemplate that same may be filed in an amendment to such motion after the time allowed by statute. The amendment filed November 13, 1917, did not, in fact, purport to amend the original motion, but consisted only of exceptions to instructions given, and to the refusal of the court to give certain requested instructions. The exceptions were not, therefore, taken before the instructions were read to the jury, nor were they included in the motion for new trial, nor was the amendment germane to any matter contained in the original motion; and, therefore, the motion to strike was properly sustained.

II. Numerous instructions requested by counsel for defendant were refused by the court. The first of these instructions might well have been given; but Paragraph 9 of

the court's charge covered the point, and

4. APPEAL AND ER-
ROR: review:
harmless error:
requested in-
structions cov-
ered by other
instructions.

was not less favorable to the defendant than the offered instruction; and, therefore, no prejudice followed the refusal to give the same. The remaining instructions were argumentative in character, gave improper emphasis to certain parts of the evidence, and could not properly have been given in the form presented. The court's charge, in any event, sufficiently covered the thought of most of the requested instructions.

5. TRIAL: instruc-
tions: undue em-
phasis: argu-
mentative in-
structions.

III. Objection to a certain question propounded by his counsel to the defendant Preston, that the witness was incompetent under Section 4604 of the Code, was made and sustained after the witness had answered. No request was made that the answer be stricken. Counsel for appellant argues that the question sought to elicit a conversation between Preston and deceased which had been gone into by counsel for plaintiff, upon cross-examination. The record, however, does not bear out the claim of counsel, and the objection appears to have been properly sustained.

IV. A motion for a directed verdict was offered by counsel for appellant at the close of plaintiff's evidence, and overruled. It is now claimed that the motion should have been sustained, and that the verdict of

6. WILLS: undue
influence: ques-
tion of fact.

the jury is without support in the evidence. Testatrix, at the time of her death, which occurred about a week after the will in controversy was executed, was a widow, about 77 years of age, and had been sick since the 16th of January preceding. The exact nature of her illness is not shown, but her eyesight was affected thereby, and she suffered considerable pain in the head. She was German, and appears to have spoken English indifferently, and preferred to converse in German. Her first will was executed January 20,

1916, and both wills were prepared and also signed by the defendant as a witness. Mr. Preston has been a member of the bar of Clayton County for more than 40 years, and for many years served testatrix and her husband as legal adviser and attorney. The relations between them were very friendly, and defendant performed numerous acts of kindness for both of them, as well as professional services for which he was paid little compensation. There is no direct evidence of fraud or undue influence on the part of Preston to induce testatrix to name his wife as the sole residuary legatee of her estate. The evidence tended to show that testatrix sent for defendant and requested him to write both wills, which he did; that she requested that certain neighbors be called in to sign the first will as witnesses, but that defendant told her that would be unnecessary; that neither instrument was read to her immediately before signing. The evidence does not, however, show affirmatively that they had not been previously read to her, and does show that she stated, at the time the first will was executed, that she knew its contents. The clause naming Julia Preston as residuary legatee was identical in the two wills. Two of the plaintiffs named as beneficiaries are nieces of testatrix, while the other beneficiaries named are friends, who appear to have been more or less kind and helpful to their benefactor. There was also evidence from which the jury may well have found that testatrix had, on occasions, said that she intended to reward Preston for his professional services and kindness.

It appears, also, that he had received but meager compensation for his professional services prior to January 20th, on which date deceased assigned and delivered to him a note and mortgage for $666, which was retained by defendant. At the time this mortgage was assigned to Preston, testatrix stated that he had done her business for years, had not been paid therefor, and she wanted to give

him something for his work. Julia Preston, as a neighbor, had also been kind to testatrix and her husband, and this is given in the will as a reason for the bequest. The estate was valued at something less than $6,000, more than one half of which, after paying all specific bequests, and inheritance tax, would, under the residuary clause of the will, pass to Mrs. Preston.

Other facts and circumstances appear in the evidence, but we do not deem it necessary to refer thereto in greater detail. The relation between testatrix and the defendant W. A. Preston, the husband of his codefendant, Julia Preston, at the time of the execution of both wills and long prior thereto, was that of attorney and client. Both wills were signed by him as a witness. He is named as executor, and was in possession of the will in controversy from the time it was executed until it was filed for probate. These facts and circumstances cast some suspicions upon the transaction, and, under our holding in *Graham v. Courtright,* 180 Iowa 394, *Liddle v. Salter,* 180 Iowa 840, *Hull v. Mitchell,* 181 Iowa 51, and cases therein cited, were sufficient to require the submission to the jury of the question of undue influence. Direct evidence thereof was not necessary. Courts look with disfavor upon transactions between attorney and client, and other persons occupying close confidential relations, which result in substantial advantage to the attorney or other fiduciary; and, while the relationship of attorney and client is not alone sufficient, yet, when considered in connection with other facts and circumstances, even though no direct evidence of misconduct on the part of the attorney is offered, it may justify setting aside the instrument. While, in this case, the property was given to the wife of the attorney, all of the transactions were had with him. It is our conclusion,

7. WILLS: undue influence: attorney drawing will: husband of beneficiary: presumptions.

therefore, that the motion to direct a verdict, and also the motion for a new trial, were properly overruled.

V.　Misconduct of counsel for plaintiff in argument to the jury is also alleged as one of the grounds for a new trial. The remarks of counsel were taken down by the reporter, and proper objection thereto was made by defendant's counsel at the time. Any prejudice that might otherwise have resulted from some of the remarks complained of was removed by oral instructions of the court at the time. It is claimed by counsel for appellee that much of the argument in question was in reply to the remarks of opposing counsel. The presiding judge was present during the argument, and was in a better position to judge of the effect thereof than is this court. We are not inclined to reverse on account of the alleged misconduct of counsel. Some latitude must be allowed to counsel in argument, although great care should be observed to avoid improper or unwarranted deductions from the evidence. Upon a full consideration of the entire record, we are of the opinion that no cause for reversal appears therein, and the judgment of the court below is, therefore,—*Affirmed*.

8. TRIAL: argument and conduct of counsel: discretion of court.

LADD, C. J., WEAVER and GAYNOR, JJ., concur.