EX PARTE FAGOT, PETITIONER AND APPELLANT.

APPEAL from the District Court of Ponce in Habeas Corpus Proceedings.

No. 2238.—Decided July 23, 1924.

HABEAS CORPUS—EXTRADITION—FUGITIVE FROM JUSTICE.—A fugitive from justice is one who, having committed a crime, flees from the jurisdiction within which it was committed in order to escape punishment and is found in the state or territory asked to surrender him. A person who has never been in the country from which he is said to have fled is not a fugitive from justice.

ID.—ID.—ID.—A statement by the Governor in an order of arrest for extradition that the person to be arrested is a fugitive from justice is *prima facie* correct only and may be reviewed by the courts in *habeas corpus* proceedings.

ID.—AMENDMENT—DISCRETION OF COURT.—It is an abuse of discretion to refuse permission to file, before the hearing in *habeas corpus,* a supplementary petition wherein the allegations of the original petition are set forth more at length.

The facts are stated in the opinion.

*Messrs. F. Parra* and *R. Díaz Collazo* for the appellant.

*The Attorney General* and *Messrs. J. E. Figueras, Fiscal,* and *C. Llauger* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Emilio Fagot, Jr., filed' a verified petition for a writ of habeas corpus in the District Court of Ponce, alleging the following: That he was of age by emancipation, married, born in the city of Ponce, P. R., where he had always resided, an American citizen and was deprived of his liberty by imprisonment in the district jail of Ponce, his imprisonment being unlawful for the following reasons: (a) Because according to information he is charged with a misdemeanor under the laws of the State of Massachusetts in that he had abandoned his wife, Helen V. West, and for this reason the Governor of Massachusetts, through the Governor of this Island, seeks to extradite the petitioner from this Island to the said State, without fulfillment of the legal formalities of extradition proceedings, and the petitioner enjoys the privileges of resident inhabitants under the local laws; (b) because he has committed no crime in this Island or in Massachusetts for which he can be prosecuted and punished; (c) because even if he had committed a misdemeanor in the State of Massachusetts his prosecution would be barred by the lapse of more than one year from the time when it could have been committed; (d) because there is no valid warrant of arrest or commitment; (e) because although there is an order signed by the Governor of this Island authorizing the arrest of the petitioner, a copy of which is attached to the petition, the said document is not sufficient to justify the petitioner's imprisonment.

The document referred to reads as follows:

"Government House.—Porto Rico.—I, Horace M. Towner, Governor of Porto Rico, to the Chief of the Insular Police of Porto Rico, or to any member of said force:—Whereas, a requisition has been made upon me as the Governor of the Island of Porto Rico, by His Excellency, Channing H. Cox, Governor of the Commonwealth of Massachusetts, for the arrest and delivery of Emilio Fagot, the younger of that name, who stands charged with the crimes of unreasonably neglecting to provide for the support of his wife, of deserting her without just cause and without making reasonable provision for her support and abandoning her and leaving her in

danger of becoming a burden on the public, which is a crime under the laws of the Commonwealth of Massachusetts; and Whereas, it has been represented to me by His Excellency, Channing H. Cox, Governor of the Commonwealth of Massachusetts, that the said Emilio Fagot, the younger of that name, has fled from justice in that state and has taken refuge in this Island; and the said Governor of the Commonwealth of Massachusetts having in pursuance of the Constitution and Laws of the United States, demanded of me that I shall cause the said Emilio Fagot, the younger of that name, to be apprehended and delivered to John F. Dyer, who has been authorized to receive him into his custody and convey him to the Commonwealth of Massachusetts; and Whereas, said requisition and demand is accompanied by an indictment of the Grand Jury of the County of Suffolk, Massachusetts, and an affidavit signed by Helen V. Fagot, whereby the said Emilio Fagot, the younger of that name, is charged with the said crimes and with having fled from the said state and taken refuge in this Island, living at present in Atocha Street, city of Ponce, Porto Rico.—Therefore, you are required to apprehend the said Emilio Fagot, the younger of that name, and deliver him into the custody of the Warden of the District Jail of Ponce, Porto Rico, there to be temporarily kept until his delivery to John F. Dyer, to be taken to the Commonwealth of Massachusetts, from which he fled.—Given under my hand and the Seal of the Island of Porto Rico, at this city of San Juan, this seventh day of November, in the year of Our Lord, one thousand nine hundred and twenty-three.—By the Governor (Signed) E. J. Saldaña, Executive Secretary.—(Signed) H. M. Towner, Governor."

After the original petition in habeas corpus had been filed and before the hearing thereon the petitioner filed a supplementary petition without asking the court's leave, and on the day when the parties were to be heard he moved for such leave; but the court overruled the motion and dismissed the original petition.

The first error assigned by the petitioner in support of his appeal from that ruling is that the court below erred in ordering that his supplementary petition be stricken out.

Although in the said supplementary petition the same facts are alleged as in the original petition, the former differs from the latter in that the allegations are set forth

therein more at length and if they are true the petitioner should be enlarged. In the original petition the petitioner alleged that he had committed no crime in this Island or in Massachusetts, and in the supplementary petition he adds that he is not a fugitive from justice from the State of Massachusetts because at no moment of the time when the crime is alleged to have been committed was he physically or corporally in that State, nor did he commit therein the crime charged, or any other crime, and that he has been on this Island since July 6, 1922, on which day he returned from New York a few days after having married in that State, and at no time after that date had he been physically or otherwise within the jurisdictional limits of the State of Massachusetts. He also alleges that he did not abandon his wife, Helen V. West, and, therefore, can not be a fugitive from justice from Massachusetts, because he has always been and is willing that his wife should come to reside in this Island, which she has refused to do, preferring to insist on his presence in Massachusetts contrary to all reason, to every legal principle, to the personal statutes and to the provisions of section 158 of the Civil Code, according to which the wife is bound to follow her husband wherever he elects to reside; and she suggested the convenience of being divorced, although she should have come to Porto Rico, to which the petitioner is willing as well as to pay her traveling expenses.

To constitute one a fugitive from justice from a given state it is essential that the person having been there shall have left it and be within the state or territory from which his return is demanded, and that the person shall have incurred guilt before he left the former state and while bodily present there. 25 C.J. 257. The words "fugitive from justice" do not include a person who never was in the country from which he is said to have fled, as he must have been there, committed the crime, and fled. *Jones* v. *Leonard,* 54 Iowa, 106, 108, 32 Am. Rep. 116; *Taft* v. *Lord,* L. R. A.

1918 E, 545. The case of *Ex parte Shoemaker,* 25 Cal. A. 551, is very interesting on this point and includes many questions related to it.

It is true that the order of arrest signed by the Governor of this Island declares that the petitioner is a fugitive from justice, but his decision is *prima facie* correct only and may be reviewed by the courts in habeas corpus proceedings. *McNichols* v. *Pease,* 207 U. S. 100; *Ex Parte Shoemaker, supra.*

The other allegation that the wife must follow her husband wherever he elects to reside is an interesting question, but we need not consider it now because the petitioner alleges that he has never been within the territorial limits of the State of Massachusetts.

In view of the foregoing we are of the opinion that the court below abused its discretion in not granting the petitioner leave to file his supplementary petition and erred in striking it out, and that the order appealed from should be reversed on this ground and the case remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

Chief Justice Del Toro and Justices Wolf, Hutchison and Franco Soto concurred.