In re Estate of Frank Dvorak.

Mary A. Reif, Appellee, v. Lilly Beese et al., Administratrices, Appellants.

No. 40246.

April 10, 1931.

Rehearing Denied October 31, 1931.

G. M. Wilson and W. J. Barngrover, for appellants.

George C. Claassen and Carl F. Becker, for appellee.

GRIMM, J.—Frank Dvorak was a farmer living near the towns of Lisbon and Mt. Vernon, in Linn County, Iowa. His wife died in 1914 and he remained a widower. He continued to live on his farm a few miles south of Mt. Vernon and Lisbon up to a short time prior to his death. Sometime prior to his death, he sold the farm and bought a small house in Lisbon. This was in 1926. His two daughters, sometime prior to 1924, married and left home, leaving the father without a housekeeper.

It appears that sometime about 1924 the deceased developed some heart trouble which progressed as the years passed on.

The evidence tends to show that at different times beginning perhaps in 1924, the claimant Mary A. Reif performed various services for the deceased, such as cleaning his house, doing some cooking for him, washing his clothes and other similar services about the farm. She would go out to the farm at various intervals to do this work. There is also evidence to show that at different times the deceased would go to claimant's home in Mt. Vernon, occasionally remaining overnight in a room which the claimant had for him. These visits to the claimant's home in Mt. Vernon were more frequent in 1925.

In January, 1926, the deceased purchased a house in Lisbon which was about a mile from claimant's home in Mt. Vernon. The evidence tends to show that claimant cleaned up the house which the deceased purchased and in various ways prepared the house for his moving into it. These circumstances are illustrative of the kind of services which it is claimed were performed for the deceased, over a period of years, by the claimant.

The deceased died in April, 1927, at the claimant's home where he had been for a short time prior to his death and where the claimant nursed and cared for him.

Several witnesses testified in reference to conversation be-

.tween the claimant and the deceased, or conversations on the part of the deceased tending to show an oral agreement on the part of the deceased to compensate the claimant for services rendered. There is also some evidence in the record tending to show that the deceased promised to make a will in which he would provide for the claimant in compensation for services rendered. No such will was made.

On April 18, 1927, the claimant filed in the estate a claim for $3,753.30. The jury returned a verdict for $1,000.00.

The appellant sets up numerous errors relied upon for a reversal.

I. It is claimed by the appellant that the court erred in overruling Paragraph 1 of the defendants' motion for a directed verdict, wherein the defendants challenge the sufficiency of the plaintiff's evidence to establish the various alleged claims of the plaintiff as submitted to the jury by the court.

A careful examination of the record discloses there is sufficient competent evidence to warrant the jury in returning a verdict for the claimant.

It would serve no good purpose to set out the testimony. It was not contradicted. It is not as clear and convincing as one would like,. but it is sufficient for submission to the jury in this kind of proceeding.

II. The appellant complains of Instruction No. 7 and particularly that portion thereof which pertains to the question of a demand for pay for services by the claimant. The appellant contends that the words of which complaint is made might be construed by the jury as an indication from the court that an agreement had been made between the parties.

We have very carefully examined this language. It appears to be more favorable to the defendants than to the plaintiff.

The language in question might very readily be construed by the jury as a warning against the allowance of the claim for the reason that no demand had been made by the claimant for services during all of the years the services were being rendered. At all events, there is no prejudicial error in the instruction.

III. The appellant complains of Instruction No. 8. The substance of the said instruction is that neither administratrices

nor claimant claim that any payment has been made on the account, if one is found to exist.

The instruction is fair in every sense. It is a mere statement to the jury calling their attention to the fact that if they find for the plaintiff there are to be no credits allowed because neither party claims that any payments have been made on account.

IV. It is next claimed by the appellant by assignments 4 and 5 that there was no sufficient evidence in the record to warrant the submission to the jury of the plaintiff's claim for board and room, washing, mending, care of clothes and nursing from February 1, 1925, to April 1, 1927.

In answer to this challenge, suffice it to say there is some evidence in the record to support these claims and it was proper for the court to submit the question to the jury. The value of the services was testified to, and while not by witnesses who had proven themselves to have had a great amount of experience in such matters, nevertheless, there was some evidence in support of the value of the services.

In this kind of procedure, the jury is to determine the issue upon the preponderance of the evidence. There is in the record sufficient evidence to warrant the jury's finding. See In re Estate of Newson, 206 Iowa 514; In re Estate of Dolmage, 204 Iowa 231.

V. The appellants' challenge to Instruction No. 4 comes by way of an amendment filed too late to be considered. The verdict of the jury in this case was rendered on April 5, 1929. On April 8th, the court, by appropriate order, gave appellants fifteen days in which to file a motion for a new trial. This time expired on April 23, 1929. The amendment to the motion taking exception to Instruction No. 4 and now under consideration was not filed until April 27, 1929. The amendment to the motion is not in any manner germane to any portion of the original motion. See Reed v. Town of Wellsburg, 179 Iowa 593.

VI. Complaint is made of the introduction of certain evidence in reference to the value of the services rendered, the claim being that the witness Williams was incompetent to testify on the subject. The record shows this witness had taken care of sick people and had given them board and room. We think that on the record in this case, the witness showed sufficient

qualifications to warrant the introduction of the testimony in controversy. See Scurlock v. City of Boone, 142 Iowa 684, and cases cited.

We find no reversible error in the record. It follows that the cause must be and it is—Affirmed.

FAVILLE, C. J., and STEVENS, ALBERT and WAGNER, JJ., concur.