Patricia Ann JULIAN, Appellee,

v.

CITY OF CEDAR RAPIDS, Iowa, and
Donald Potter, Appellants.

No. 61571.

Supreme Court of Iowa.

Nov. 22, 1978.

David F. McGuire, Cedar Rapids City
Atty., and Benjamin W. Blackstock and
Lynda E. Thomsen, Cedar Rapids Asst. City
Attys., for appellants.

R. M. Fassler, Cedar Rapids, for appellee.

Considered by REES, P. J., and UHLEN-
HOPP, HARRIS, ALLBEE and LARSON,
JJ.

UHLENHOPP, Justice.

This appeal involves the propriety of a
new-trial grant to plaintiff Patricia Ann
Julian in a damage action for an alleged
false arrest without a warrant.

The parties tried the action to a jury.
The trial court instructed the jury that Jul-
ian had the burden to prove, as one ele-
ment, that her detention or restraint was
unlawful. The jury found for defendants
City of Cedar Rapids and Officer Donald
Potter, and the verdict was filed on Novem-
ber 10, 1977.

On November 18, 1977, Julian filed a
motion for new trial which did not include
the burden of proof issue. On December
13, 1977, Julian filed an amendment to her
new-trial motion, asserting that the burden
of proof was on defendants to justify the
officer's action since he acted without a
warrant and that the court erroneously
placed the burden of proof on Julian, citing
Fox v. McCurnin, 205 Iowa 752, 218 N.W.
499.

The trial court overruled the original mo-
tion for new trial but sustained the amend-
ment thereto, holding that it had erred with

respect to the burden of proof. Defendants appealed.

I. The new-trial grant must be reversed for two reasons. First, the amendment to the motion was untimely. The ground sustained—regarding burden of proof—was asserted only in the amendment, which was filed 33 days after the verdict. Rule 244 of the Rules of Civil Procedure authorizes new-trial motions. Rule 247 states:

Motions under rules 243 and 244 and bills of exception under rule 241 must be filed within ten days after the verdict, report or decision is filed, or the jury is discharged, as the case may be, unless the court, for good cause shown and not ex parte, grants an additional time not to exceed thirty days.

Julian had 10 days to file a new-trial motion. Her original motion, filed on the eighth day, did not include the ground in question, and the trial court later overruled that part of the motion. She filed her amendment containing the ground in question 33 days after the verdict, which was too late. A late-filed amendment to a new-trial motion cannot be considered unless the ground asserted is germane to a ground in the original timely motion. *In re Estate of Dvorak*, 213 Iowa 250, 236 N.W. 66.

The burden of proof ground was a new one not asserted in the original motion. The case falls within *Dutton v. Seevers*, 89 Iowa 302, 303–304, 305–306, 56 N.W. 398, 399, 400.

In *Dutton* the original new-trial motion contained this ground:

"*Third.* The court erred in its instructions given to the jury numbered one to eight, inclusive, and in giving each of said instructions, and every part thereof."

By amendment after the time for filing had expired, the defendant Seevers asserted that the instructions erroneously placed the burden of proof on him. This court stated:

The ground stated in the original motion, to which it is claimed the amendment is germane, is that the court erred in its instructions given. It can not be reason-ably claimed that the error as assigned therein in any wise relates to a failure of the court to instruct upon some matter not mentioned in the instructions as given. The complaint in the amendment is that the court failed to instruct touching the burden of proof. That is clearly new matter, in no way related to the ground stated in the original motion. The amendment, so far as it related to a failure to instruct as to the burden of proof, was in legal contemplation a new motion, containing a ground for a new trial not germane to those stated in the original motion, and hence the court should not have permitted it to be filed, and, if filed, it should not have been considered.

The burden of proof issue before us was a new ground, belatedly filed, and should not have been considered.

II. The new-trial grant must also be reversed because Julian did not at trial except to the instructions for misplacement of the burden of proof, yet the trial court grounded the new-trial grant on erroneous placement of the burden of proof. Rule 196 of our procedural rules states, so far as material:

Before jury arguments, the court shall give to each counsel a copy of its instructions in their final form, noting this fact of record and granting reasonable time for counsel to make objections, which shall be made and ruled on before arguments to the jury. Within such time, all objections to giving or failing to give any instruction must be made in writing or dictated into the record, out of the jury's presence, specifying the matter objected to and on what grounds. *No other grounds or objections shall be asserted thereafter, or considered on appeal.* (Italics added.)

Under this rule, Julian could not successfully assert the burden of proof ground after failing to object prior to submission to the jury. *Tarrell v. Erdmann*, 221 N.W.2d 504 (Iowa).

The trial court rejected the grounds for new trial asserted in the original motion—a

ruling with which we agree—and placed its decision squarely on the ground asserted in the amendment to the motion. The court did not base the new-trial grant on the failure of the verdict to effectuate justice or a similar discretionary ground, but on the basis that it had erred as a matter of law with respect to the burden of proof. In these circumstances the trial court's discretion is not involved, and its decision stands or falls on the legal correctness of its ruling on the legal question. The case comes within the rule that "the granting or refusal of a new trial on account of alleged errors of law occurring in the course of the trial is not a matter of discretion and is fully subject to review by the appellate court." 58 Am.Jur.2d New Trial § 212 at 433. As this court stated in *Hart v. Stence*, 219 Iowa 55, 59, 257 N.W. 434, 436, "We have also held that where the ruling upon a motion for a new trial presents a pure question of law, there is no room for the exercise of discretion on the part of the trial court, and that the abuse of discretion lodged in the trial court, under such circumstances, will be reviewed by this court, and the ruling of the trial court reversed if found to be erroneous." Here the court erred as to a matter of law in considering an alleged error in an instruction not raised by exception, contrary to the express proscription of rule 196, "No other grounds or objections shall be asserted thereafter or considered on appeal."

The present situation is different from *Luick v. Albertson*, 216 N.W.2d 310 (Iowa). While conflicting instructions were involved in that case, the trial court found that Luick did not have "a fair trial" and granted a new trial on that general discretionary ground.

The trial court erred in sustaining the amendment to the motion and in granting a new trial.

REVERSED.

All Justices concur except HARRIS, J., who concurs in division II and the result.